IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

MICHELE BLAIR, INDIVIDUALLY AND
AS GUARDIAN AND NEXT FRIEND OF
S.B., A MINOR,

    Plaintiff,

v.                            Case No. 6:23cv00047

APPOMATTOX COUNTY SCHOOL
BOARD, et al.

    Defendants.

## BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE UNDER SEAL

### I.    FACTS AND PROCEDURAL HISTORY

On August 22, 2023, Plaintiffs filed suit against the Appomattox County School Board ("School Board"), Superintendent Annette Bennett ("Dr. Bennett"), school counselor Dena Olsen ("Olsen"), counselor Avery Via ("Via"), and attorney Aneesa Khan ("Khan").  (ECF Doc. 1.)  Plaintiffs allege that their substantive due process rights were violated when the School Board and its employees allegedly kept secret S.B.'s request to use a male name and male pronouns at school.  They allege that the defendants engaged in a conspiracy to violate their constitutional rights, violated Title IX, tortiously interfered with Blair's parental rights, and intentionally inflicted emotional distress.  According to Plaintiffs, Olsen met with S.B. several times between the start of school on August 10, 2021 and when S.B. ran away from home on August 25, 2021.

Olsen has filed a Motion to Dismiss and Brief in Support in response to the Complaint. Throughout the Complaint, Plaintiffs quote from the Counseling Notes of S.B. that were produced to Blair—as S.B.'s guardian—pursuant to a request under the Virginia Freedom of

Information Act.  Despite being quoted and relied upon to form the factual basis for the Complaint, the Notes were not attached to the Complaint.  They are attached to Olsen's Brief in Support of Motion to Dismiss.  Because the Notes are educational records governed by the Family and Education Rights Privacy Act ("FERPA"), and deal with a minor child, they should be filed under seal.[1]

## II.   <u>ARGUMENT</u>

Local Rule 9(b) provides that a party moving to file under seal must provide the following:

1. a generic, non-confidential identification of the document to be sealed;

2. the bases upon which the party seeks the order, including the reasons why alternatives to sealing are inadequate; and

3. the duration for which sealing is requested.

W.D. Va. Local Rule 9(b).

Olsen seeks to file under seal 11 pages of Counseling Notes generated during her meetings with S.B. between August 12, 2021 and August 25, 2021.  These Notes document the conversations between S.B. and Olsen.  Sealing is necessary to protect these education records under FERPA, as well as to protect S.B., who is a minor.

The right of public access to judicial records derives from two independent sources: the First Amendment and the common law.  *In re Application of the United States for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013).  The common law presumes a right to inspect and copy judicial records and documents that can be rebutted if the public's right of access is outweighed by competing interests.  *In re Application*, 707 F.3d at 290.

---

[1] The Counseling Notes may be used in this case without violating FERPA because Blair and S.B. have filed suit against the School Board.  34 CFR § 99.31(a)(9)(iii)(B).

The burden is on the proponent of sealing. *See Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Sup. 2d 572, 577 (E.D. Va. 2009). To "overcome the common law presumption of access . . . a court must find that there is a 'significant countervailing interest' in support of sealing that outweighs the public's interest in openness." *In re Application*, 707 F.3d at 293.

When the First Amendment provides a right of access, the court may restrict access only on the basis of a compelling governmental interest and if the restriction is narrowly tailored to serve that interest. *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (internal quotations and citations omitted). As with the common law right of access, the Court continues to weigh and balance the competing interests, but a more stringent standard applies. *Level 3*, 611 F. Supp. 2d at 580-81.

To determine whether the First Amendment provides a right to access to orders and proceedings, the Fourth Circuit uses the "experience and logic" test, which asks "(1) 'whether the place and process have historically been open to the press and general public,' and (2) 'whether public access plays a significant positive role in the functioning of the particular process in question.'" *In re Application*, 707 F.3d at 291 (quoting *Baltimore Sun Co. v. Goetz*, 886 F. 2d 60, 64 (4th Cir. 1989)). The First Amendment right is narrower than the common law right and only covers particular judicial records and documents. *Washington Post*, 386 F.3d at 575. Documents that are judicially authored or created are judicial records protected by the First Amendment right of access, as are certain other documents submitted by parties to litigation, including motions for summary judgment and attached documents, trial transcripts, documents in evidence at a public jury trial, and post-trial briefing that refers to documents and statement in unredacted filings. *See Craddock v. LeClairRyan*, No. 3:16-CV-11, 2019 WL 2437460, at *8 (E.D. Va. June 11, 2019) (citations omitted).

"[S]afeguarding the physical and psychological well-being of a minor [qualifies as] a compelling [interest]" that can outweigh the public's right of access. *Globe Newspaper Co. v. Superior Court for the Cty. of Norfolk*, 457 U.S. 596, 607-08 (1982). "Courts have found a compelling government interest in sealing sensitive medical or other personal information, especially when relating to minors." *Interstate Fire & Cas. Co. v. Dimensions Assurance Ltd.*, No. GJH-13-3908, 2014 WL 6388334, at *2 (D. Md. Nov. 13, 2014) (collecting cases).

Because the Counseling Notes are an exhibit to Olsen's Brief in Support of Motion to Dismiss, they are likely a judicial record protected by the First Amendment right of access. However, the Notes detail conversations between a school counselor and a minor and address sensitive, personal issues. Therefore, there is a compelling governmental interest to restrict the public's right of access. *See Globe Newspaper Co.*, 457 U.S. at 607-08. The Notes should be maintained under seal permanently.

### III.   CONCLUSION

For all of the foregoing reasons, Dena Olsen, by counsel, respectfully requests that the Court grant her leave to file under seal with the Court the Counseling Notes of S.B. attached as Exhibit 1 to her Brief in Support of the Motion to Dismiss.

**DENA OLSEN,**

By Counsel

s/Melissa Y. York
Jeremy D. Capps (VSB No. 43909)
Melissa Y. York (VSB No. 77493)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
jcapps@hccw.com
myork@hccw.com

# C E R T I F I C A T E

I hereby certify that on the 20th day of September, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Mary E. McAlister, Esq. (VSB No. 76057)
Child & Parental Rights Campaign, Inc.
P.O. Box 637
Monroe, VA 24574
770-448-4525 - Phone
mmcalister@childparentrights.org

Vernadette R. Broyles, Esq. (VSB No. GA 593026)
Ernest G. Trakas, Esq. (VSB No. MO 33813)
Child & Parental Rights Campaign, Inc.
5805 State Bridge Road
Suite G310
Johns Creek, GA 30097
770-448-4525 - Phone
vbroyles@childparentrights.org
etrakas@childparentrights.org

s/Melissa Y. York
Jeremy D. Capps (VSB No. 43909)
Melissa Y. York (VSB No. 77493)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
jcapps@hccw.com
myork@hccw.com