IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

MICHELE BLAIR, individually and as )
Guardian and next friend of S.B, a minor; )
)
       Plaintiff. )   Civil Action No. 6:23-cv-00047-NKM
)
v. )
)
APPOMATTOX COUNTY SCHOOL )
BOARD, *et. al.* )
       Defendants. )
_____ )

**Plaintiff's Memorandum of Law In Opposition To Motion To Seal**

Plaintiff, Michele Blair, by and through her attorneys of record, submits this Memorandum of Law In Opposition to Defendant Dena Olsen's Motion to Seal Exhibit [Dkt. 14].

## Introduction

Defendant Dena Olsen has filed a Motion to Dismiss the Complaint [Dkt 12] with Supporting Memorandum of Law [Dkt13]. In support of the Motion, Mrs. Olsen seeks to attach a document she refers to as counseling records that she purports Plaintiff relied upon in drafting her Complaint but did not attach to the Complaint. [Memorandum in Support of Motion to Seal, pp.1-2 [Dkt.15]]. Mrs. Olsen is asking this Court to file the document under seal as a confidential educational record. [Dkt.14]. Implicit in Mrs. Olsen's Motion to Seal is an assumption that the document can be properly admitted and referenced by this Court in its consideration of the Motion to Dismiss. However, that assumption is in error. The proffered document is not a public record and has not been authenticated. Therefore, it cannot properly be considered as part of a motion to dismiss. *United States ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136

1

(4th Cir. 2014); *Spirito v. Peninsula Airport Comm'n*, 350 F. Supp. 3d 471, 486 (E.D. Va. 2018); *Raub v. Bowen*, 960 F. Supp. 2d 602, 605 n.2 (E.D. Va. 2013).

If the proffered document were an authenticated educational record relied upon by Plaintiff to assert her claims, then sealing an unredacted copy and attaching it as an exhibit to Motion to Dismiss might be appropriate. Since that is not the case, it is not proper for this Court to even permit the document to be attached and considered by the Court whether sealed or unsealed.

**Factual Background**

Plaintiff's Complaint includes allegations regarding conversations between Mrs. Olsen and S.B. regarding S.B. being treated as a male and bullied at school and on the bus. (Complaint, ¶¶ 35, 36, 41, 42, 48, 53-55). These include one indented quote regarding a conversation between the School Resource Officer, Mrs. Olsen, and S.B. (Complaint, ¶ 53). The Complaint also contains allegations about conversations between Mrs. Olsen and Plaintiff (Complaint, ¶¶ 38, 58, 60). Other allegations describe information Mrs. Olsen received or knowledge and belief allegations regarding the conduct of other school staff. (Complaint ¶ 31, 37, 46, 47). Plaintiff does not allege that she obtained the information in those allegations from "counseling notes" or any other particular source and does not attach any documents to the Complaint.

Nevertheless, Mrs. Olsen asserts in the Motion to Seal that Plaintiff "quoted and relied upon" counseling notes to "form the factual basis for the Complaint." (Memorandum in Support of Motion to Seal, p.2). Mrs. Olsen is claiming not merely that Plaintiff relied on the "counseling notes" as the basis for the allegations listed above, but for all the allegations of the complaint, *i.e.* they are the "factual basis." (*Id.*). In the Motion to Dismiss, Mrs. Olsen claims "[t]hese quotations could only have been obtained from Olsen's Counseling Notes. As such, Plaintiffs'[sic] 'quoted' and 'relied upon' Olsen's notes." (Memorandum in Support of Motion to Dismiss, p. 7). Beyond

2

the sheer arrogance of claiming to know how Plaintiff obtained the information in her Complaint, Mrs. Olsen's statements are devoid of proof that Plaintiff relied upon the purported "counseling notes" Mrs. Olsen seeks to attach to the Motion to Dismiss. Mrs. Olsen claims that "Plaintiffs [sic] quote from the Counseling Notes of S.B. that were produced to Blair—as S.B.'s guardian—pursuant to a request under the Virginia Freedom of Information Act." (Memorandum in Support of Motion to Seal, p. 1-2) [Dkt 15]. Mrs. Olsen is again presuming to know how Plaintiff obtained the knowledge contained in the Complaint and alleging facts not before this Court. Furthermore, Mrs. Olsen is asking this Court to presume that the "Counseling Notes" presented in the Motion to Seal are the same notes that she alleges Plaintiff relied upon. This illustrates the most important aspect of Mrs. Olsen's request, *i.e.,* the document Mrs. Olsen is representing as her "counseling notes" to this Court has not been authenticated.

**Legal Argument**

The lack of authentication of the document Mrs. Olsen is seeking to seal is fatal to her proposal that it be included as an exhibit to her Motion to Dismiss. In the Motion to Dismiss, Mrs. Olsen quotes Fourth Circuit and district court opinions which provide that a document attached to a motion to dismiss may be considered when evaluating the motion if it is integral to the complaint. (Memorandum in Support of Motion to Dismiss, pp. 6-7, citing *Goines v. Valley Community Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016), *Spirito v. Peninsula Airport Comm'n*, 350 F. Supp. 3d 471, 486 (E.D. Va. 2018), *Gasner v. County of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995)). What Mrs. Olsen conveniently fails to cite is the prerequisite for courts considering such integral documents attached to a motion to dismiss, *i.e.,* that the documents are of unquestioned authenticity.

"While a 12(b)(6) motion focuses on the allegations of the complaint, it is well established that a document attached to a motion to dismiss may be considered when evaluating a motion to dismiss if the document was **"integral to the complaint and authentic**." *Goines* ,822 F.3d at 164-65, (emphasis added).

> [W]hen a plaintiff fails to introduce a pertinent document as part of his complaint, the defendant may attach the document to a motion to dismiss the complaint and the Court may consider the same without converting the motion to one for summary judgment. This ruling encompasses not only documents quoted, relied upon, or incorporated by reference in the complaint, but also official public records pertinent to the plaintiffs' claims. **There is but one limitation: the document must be one of unquestioned authenticity.**

*Spirito*, 350 F. Supp. 3d at 486 (citing *Gasner v. County of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995) (emphasis added). "Contrary to Defendants' attempt to portray the authenticity issue as a mere procedural technicality, Raub asserts that he has never been provided with the attached emails, so he cannot agree that these documents are authentic. While the Prescreening Report may ultimately be dispositive of the case, **the Court will not consider it on a motion to dismiss where its authenticity is fairly challenged."** *Raub*, 960 F. Supp. 2d at 605 n.2.(emphasis added).

Mrs. Olsen states that the document she is seeking to have sealed and attached as an exhibit to the Motion to Dismiss is her "counseling notes." She also claims that Plaintiff received notes from a Freedom of Information request. However, there is no evidence that establishes that the notes submitted to the Court are in fact what they are represented to be. Nor is there evidence establishing that the notes that Mrs. Olsen claims that Plaintiff received are what they are represented to be. As was true of the Plaintiff in *Raub,* Plaintiff cannot agree that the documents are authentic. Therefore, as was true in *Raub,* this Court should not consider the exhibit. Since it cannot be considered it should not be submitted as an exhibit and there is no reason to file it under seal.

**Conclusion**

The document that Mrs. Olsen seeks to have filed under seal has not been authenticated. Since Plaintiff questions the authenticity, it cannot be considered as part of the Motion to Dismiss. Therefore, Mrs. Olsen's motion to file the document under seal as part of the record for the Motion to Dismiss should be denied.

Dated: September 26, 2023.

*/s/Mary E. McAlister*
Mary E. McAlister (VA Bar No.76057)
CHILD & PARENTAL RIGHTS CAMPAIGN, INC.
P.O. Box 637
Monroe, VA 24574
770.448.4525
mmcalister@childparentrights.org

Vernadette R. Broyles (GA Bar No. 593026)*
Ernest G. Trakas (MO Bar 33813)*
CHILD & PARENTAL RIGHTS CAMPAIGN, INC.
5805 State Bridge Rd., Suite G310
Johns Creek, GA 30097
770.448.4525
vbroyles@childparentrights.org
etrakas@childparentrights.org
*Admitted pro hac vice

Attorneys for Plaintiff

5

## Certificate of Service

I hereby certify that on the 26th day of September, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Jeremy D. Capps (VSB No. 43909)
Melissa Y. York (VSB No. 77493)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
jcapps@hccw.com
myork@hccw.com

*/s/Mary E. McAlister*
Mary E. McAlister (VA Bar No.76057)