IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

MICHELE BLAIR, INDIVIDUALLY AND
AS GUARDIAN AND NEXT FRIEND OF
S.B., A MINOR,

        Plaintiff,

v.                                          Case No. 6:23cv00047

APPOMATTOX COUNTY SCHOOL
BOARD, *et al*.,

        Defendants.

## AVERY VIA'S BRIEF IN SUPPORT OF MOTION TO STRIKE THE COMPLAINT'S VERIFICATION

COMES NOW Defendant Avery Via ("Via"), by and through his undersigned counsel, Kiernan Trebach LLP, pursuant to Federal Rules of Civil Procedure 11 and 12(f) and this Court's Standing Order for Civil Cases, and hereby submits this brief in support of Via's Motion to Strike the Complaint's Verification.

**I.    BACKGROUND**

Plaintiff Michele Blair, individually and as Guardian and next friend of S.B., a minor, filed a 53-page, 229 paragraph "Verified Complaint" on August 22, 2023. Counts One, Two, and Three bring claims under 42 U.S.C. § 1983, each asserting violations of the Fourteenth Amendment of the U.S. Constitution – namely, violations of "Fundamental Parental Rights" (Count I) and the "Right to Familial Privacy" (Counts II and III). ECF No. 1 at 23-35. Count IV asserts a Title IX violation under 20 U.S.C. § 1681, alleging "Deliberate Indifference to Sexual Harassment/Hostile Sex Environment." *Id.* at 35-37. Next, Count V alleges that Defendants conspired to violate civil rights in violation of 42 U.S.C. § 1985(3), and Count VI alleges Legal Malpractice (but only

against Defendant Khan). *Id.* at 37-44. Under Virginia law and as Count VII, Plaintiff brings a claim of Intentional Interference with Parental Rights. *Id.* at 44-47. Lastly, Plaintiff alleges Intentional Infliction of Emotional Distress in Counts VIII and IX. *Id.* at 47-53. Plaintiff has not requested a temporary restraining order, an emergency preliminary injunction, or any other form of relief requiring use of a Verified Complaint, and instead Plaintiff seeks only monetary damages. *See id.* at 53.

At the end of the Complaint, Plaintiff Blair included a duly signed "Verification" (ECF No. 1, at 54), which states:

> I, Michele Blair, am over the age of 18 and the Plaintiff in this action. I declare under penalty of perjury under 28 U.S.C. §1746 that I have read the foregoing Complaint, and the factual allegations contained within, and to the best of my knowledge the factual allegations are true and correct. Executed on August 21, 2023 at Concord, Virginia.

*Id.* After this statement, Michele Blair affixed her signature. *Id.*

On October 2, 2023, Defendant Via filed a consent motion for an extension of time to respond to Plaintiffs' Complaint. ECF No. 31. The Court granted the motion, expanding Via's response deadline to October 13, 2023. ECF No. 32. Via then filed a Motion to Dismiss the Complaint on October 13, 2023.[1] ECF Nos. 44, 45 & 46.

## II.  PERTINENT FACTS

Section I of Appendix A hereto (comprising almost four (4) pages) first quotes *seriatim* and then comments on the 24 sentences from the Complaint (with citations to page and paragraph numbers) that are expressly based on mere information and belief, and which therefore (a) <u>are not</u> based on personal knowledge or (b) <u>are not</u> expressly attributed to S.B. or some other person with

---

[1] For a detailed factual summary of the allegations in the Complaint, particularly those involving Defendant Via, the undersigned refers the Court to Via's Motion to Dismiss.

2

requisite personal knowledge. Such allegations fail to meet the minimum requirements for inclusion in an unsworn Declaration under 28 U.S.C. § 1746, and their inclusion in a Verified Complaint therefore implicitly violates Rule 11. Then, Section II of Appendix A (comprising 4 pages) quotes *seriatim* and then comments on select paragraphs or sentences from the Complaint (with citations to page and paragraph numbers) that are redundant, immaterial, impertinent, or scandalous. Each such problematic sentence or paragraph deserves independent consideration, but it makes better sense for the Court to review the legal discussion set forth below before addressing individual problems or the overall adverse impact of those problems with verifying all the allegations of the Complaint.

### III.   ARGUMENT

The initiation of a lawsuit is a serious matter. *Hammary v. Soles*, No. 1:09-CV-781, 2013 U.S. Dist. LEXIS 45395, at *4 (M.D.N.C. Mar. 29, 2013). "Verifying a complaint is a serious matter." *Id.* When serious violations are alleged, especially under oath in a verified complaint, courts and the public take them seriously. *Id.* So does Defendant Avery Via, who is faced with numerous inaccurate factual allegations in Plaintiffs' "verified" Complaint that he expects to prove are false, out of context, and otherwise materially misleading as evidence, within the ambit of 28 U.S.C. § 1746 and Rule 11. In addition, such allegations should be struck under Rule 12(f) because they relate solely to an "insufficient defense" or are otherwise "redundant, immaterial, impertinent, or scandalous." *See* Fed. R. Civ. P. 12(f). For the reasons described below, the "verification" in this Complaint is inadequate and inappropriate for this civil action. Moving forward, the Complaint should be treated as a non-verified pleading.

   A.   **A Verified Complaint Is Not Required in This Case.**

Under the Federal Rules of Civil Procedure, except when otherwise specifically provided

3

by rule or statute, pleadings need not be verified or accompanied by an affidavit. Fed. R. Civ. P. 11(a). In fact, pleadings are rarely verified absent a requirement to do so. There are only a few types of actions that require a verified complaint in federal court. For example, Rule 23.1 requires that shareholder derivative complaints be verified. Fed. R. Civ. P. 23.1(b). Likewise, under Rule 65(b), no temporary restraining order shall be granted without notice unless immediate and irreparable injury, loss, or damage is clearly shown from facts set forth by affidavit or by verified complaint. Fed. R. Civ. P. 65(b).

Plaintiff here is not bringing a shareholder derivative action, or any other cause of action or matter in equity requiring such pleading. Nor is she seeking a temporary restraining order or any other emergency equitable relief, injunctive or otherwise. None of Plaintiff's claims, by statute or otherwise, requires a verified complaint. Instead, for whatever reason or motivation, Plaintiff nevertheless chose to verify the Complaint, and her purpose likely was inconsistent with the spirit of litigation under the Federal Rules of Civil Procedure.

Fundamentally, verified complaints are required when the nature of the action, the nature of the relief requested, or the urgency of the case or controversy is such that immediate steps are appropriate for bringing evidence before the court immediately, in admissible form where possible. Such circumstances include where the complaining party seeks temporary injunctive relief, an order for the seizure of property, or a grant of an immediate interim remedy in accordance with governing standards of due process. This facilitates prompt judicial action, instead of (a) requiring plaintiffs in presumptively emergency circumstances to stand in line in the normal course of civil litigation or (b) imposing on presumably responsible defendants the burdens of complex litigation or temporary loss of valuable rights or property without recourse against fraudsters, including those with ulterior motives. One of those standards is preserving a clear basis for holding

responsible such fraudsters or anyone else who misleads the court into an erroneous grant of affirmative relief or any other imposition of adverse consequences before the litigation has run its normal recourse with a resulting final judgment.

Absent those circumstances, however, use of verified pleadings is both unnecessary and presumptively inappropriate. This is just such a case, where money damages is the only requested remedy and the nature of the alleged facts under current law would make it inappropriate for the court to grant any other form of relief.

In any event, for the additional reasons set forth *seriatim* below, Plaintiff has failed to submit a proper Verified Complaint.

> **B.  The Complaint Does Not Meet the Verification Criteria and Should Therefore Be Treated As an Unverified Pleading.**

Verification is a precise jurisprudential tool for cases requiring courts to exercise emergency or otherwise extraordinary powers, and not a mere street weapon to harass opponents or otherwise complicate ordinary litigation. "A complaint is 'verified' if it is 'signed, sworn, and submitted under penalty of perjury'." *Goodman v. Diggs*, 986 F.3d 493, 495 n.2 (4th Cir. 2021) (citations omitted). Courts widely recognize that an "unsworn declaration under penalty of perjury" made pursuant to and consistent with the requirements of 28 U.S.C. section 1746 is a sufficient substitute for the typical requirement that all of the facts in a verified complaint be "sworn to" as the truth. The first problem here is that Plaintiff's verification does not adhere to each of the requirements of section 1746 and should therefore be stricken, or alternatively deemed not to be a verified complaint.

The case of *Schwab v. Corizon Health* is instructive here. *See Schwab v. Corizon Health*, 2022 U.S. Dist. LEXIS 176104 (W.D. Mich. Aug. 24, 2022). In *Schwab*, the plaintiff attempted to verify his complaint pursuant to 28 U.S.C. section 1746(2). *Id.* at *21. Section 1746, titled

5

"unsworn declarations under penalty of perjury," states in pertinent part as follows:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same . . . such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
> . . .
> (2) If executed within the United States . . . : 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature).

28 U.S.C. § 1746. The plaintiff's "verification," the *Schwab* court noted, was "not in the form required by the statute." 2022 U.S. Dist. LEXIS 176104, at *22. Specifically, that "verification" stated: "I have read the foregoing complaint and hereby verify that the matters alleged there in are true except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct." *Id.* In finding this verification to be "a diluted version of the form of the straightforward language required by the statute," the court held that "the complaint was not verified" and thus did not have the "same force and effect as an affidavit." *Id.*

In the instant case, much like the plaintiff in *Schwab*, Ms. Blair failed to comply with section 1746, because her "to the best of my knowledge" statement in the verification, as applied to the twenty-four numbered factual allegations made solely on the basis of Plaintiff's "information and belief," substantially undermines the two essential components of a proper section 1746 verification: (1) declaring that **all** of the facts are true and correct; and (2) acknowledging that said declaration is made under penalty of perjury. Simply put, Plaintiff <u>did not</u> plainly "declare under penalty of perjury that the foregoing [factual allegations] are true and correct." Instead, Plaintiff sidestepped the clear and affirmative language of section 1746 by merely asserting that,

6

"<u>to the best of my knowledge</u>[,] the factual allegations are true and correct." *See* ECF No. 1, at 54. That should not suffice for the verification of a pleading, for at least two fundamental reasons: (a)  such a verification would not meet the evidentiary requirements for seeking emergency injunctive relief or comply with the requirements of statutes calling for personal knowledge of key facts as the requisite evidentiary basis for statutory jurisdiction; and,  (b)  even if it did so, the responding party's pleading could not reasonably be held to the higher standard of personal knowledge expected by statute or equitable custom for seeking specific forms of affirmative relief. Such a verified pleading also <u>would not</u> meet the requirements for a Rule 56(e) affidavit.  *See* Fed. R. Civ. P. 56(e).

Linguistically, "[i]f you say that something is true to the best of your knowledge, you mean that you believe it to be true but it is possible that you do not know all the facts."  *See generally* The Collins English Dictionary (as of Oct. 12, 2023).[2]  The phrase "to the best of one's knowledge" is used to say that "a person thinks something is true but that there may be something he or she does not know which makes it untrue." *See generally* Merriam-Webster Dictionary (as of Oct. 12, 2023).  In other words, the phrase "to the best of my knowledge" could allow someone to allege something they think or believe is true so long as they do not know that fact to be false.  Thus, the "to the best of my knowledge" language used by Plaintiff, by definition, is in the same category as "I believe something to be true" or "upon information and belief."  To that end, in the Complaint here, Plaintiff uses the phrases "on information and belief," "Plaintiff is informed and believes and based thereon alleges that," and "Plaintiff is informed and believes that" a total of twenty-four times to begin her sentences alleging pertinent facts.  (*See* Appendix A, which itemizes the 24 direct quotes of this wording from the Complaint with citations to page and paragraph numbers.)

---

[2] *See* https://www.collinsdictionary.com/us/dictionary/english/to-the-best-of-your-knowledge.

Several courts in this Circuit have held this "information and belief" language <u>does not</u> suffice for verification.

For example, the Fourth Circuit has held that the verification of a complaint is insufficient when a complaint alleges facts that are, at least in part, made on information and belief because it does not allow the parties or the court to conclude that such factual allegations are based on personal knowledge. *Walker v. Tyler County Comm'n*, 11 F. App'x 270, 274 (4th Cir. 2001). Here, the Complaint makes at least 24 separate, often compound or otherwise complex factual allegations that are, at least in part, improperly made on information and belief or that otherwise violate principles of verification under 28 U.S.C. § 1746 or otherwise violate Rule 11. Accordingly, the other parties and the Court cannot safely conclude that the factual allegations in the complaint are based on the Plaintiff's personal knowledge. When the verification is as deficient as the one here, the Court "must" regard the facts in the complaint instead as "mere pleading allegations." *Id.* Furthermore, in such situations, the responding parties should not be obliged to prepare and file verified answers, counterclaims or other responsive pleadings.

Other federal district courts in Virginia follow the Fourth Circuit's view. Where a verification is made "upon information and belief," or uses language such as "I believe the facts to be true," the verification "is insufficient" and should be treated as a normal pleading because such language avoids the possibility of perjury. *See Metcalf v. GEO Group, Inc.*, 2022 U.S. Dist. LEXIS 33189, at *7, n.5 (E.D. Va. Feb. 24, 2022); *Hogge v. Stephens*, 2011 U.S. Dist. LEXIS 59462, at *10-*11 (E.D. Va. June 1, 2011). In *Metcalf*, the plaintiff attempted to verify his complaint with the following statement: "I have read the foregoing Complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true

and correct." 2022 U.S. Dist. LEXIS 33189, at *7. The court held that the verification was not sufficient and therefore treated the complaint as non-verified. *Id.* Of note, the "verification" in *Metcalf* is virtually identical to the one rejected in *Hogge*, and is substantially similar to one that the Fourth Circuit found to be lacking in *Walker*.[3]

### C. When a Plaintiff Chooses to Verify a Complaint, Additional Responsibilities and Consequences Attach.

There is are genuine concerns here that the wording Plaintiff has used in her "verified" Complaint, namely, "to the best of my knowledge" and "on information and belief" may allow her to circumvent her obligation to thoroughly investigate the facts – as well as to plead them as limited by personal knowledge – if not fully and fairly in relation to trial evidence standards: "the truth, the whole truth, and nothing but the truth" – which is a higher threshold than that normally required for pleading under ordinary Rule 11 standards. *See* Fed. R. Civ. P. 11(b).

Specifically, when certifying a regular pleading, an attorney is representing to the Court on the party's behalf that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: … (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." *Id*. Verified complaints, which are subject to the penalty of perjury, clearly take the ordinary Rule 11 requirement a step further.

One aspect of a party's obligation – and of counsel representing the party – when verifying a complaint is taking sufficient fact-finding and investigative measures to ensure the accuracy of all the factual allegations therein subject to the penalty of perjury. Accordingly, there should be

---

[3] The verification in *Walker* stated: "[T]he facts contained within the attached pleading [are] true, except insofar as they are therein stated to be upon information and belief, and insofar as they are therein stated to be upon information and belief, [Plaintiff] believes them to be true." 11 F. App'x at 274.

9

the real possibility of sanctions under Rule 11 for falsehoods or materially misleading statements alleged in a verified complaint. *See Blue Cross Blue Shield v. Stutz*, 2006 U.S. Dist. LEXIS 42265, at *10-13 (E.D. Va. June 2, 2006) (ordering Rule 11 sanctions for the plaintiff's counsel after he filed a verified complaint that contained demonstrable factual inaccuracies that likely resulted from inadequate pre-suit investigation); *Hammary,* 2013 U.S. Dist. LEXIS 45395, at *2-5 (sanctioning plaintiff after finding that he egregiously violated Federal Rule of Civil Procedure 11(b)(3), by alleging facts that he knew were false under the oath implicit in a verified complaint).  If a party is not certain as to the accuracy of some facts or believes some facts to be true, but does not personally know them to be true, those facts cannot properly be alleged in a verified complaint. The party must either omit them or file a normal unverified pleading that complies with Rule 11's baseline requirements.  Because a properly verified complaint can be treated as an "affidavit for summary judgment purposes," factual accuracy is critical.[4]  *Goodman*, 986 F.3d at 498.

As noted *supra*, there was no statutory or other legal requirement for Plaintiff here to file a verified complaint, and such special procedures should not be used unless they are necessary.

> **D.     Striking the Purported "Verification" of the Complaint Here Would Not Prejudice Any Party.**

An order by this Court striking the verification and treating the Complaint as a normal

---

[4] Under the Rule adopted by the Fourth Circuit in *Goodman*, the nature this Court's threshold decision could be especially important, both immediately and at any summary judgment stage the action might reach.  Specifically, as a result of early motions practice in *Goodman*, the original verified complaint was superseded by an <u>unverified</u> amended complaint.  Later in the case, however, the trial judge made the understandable mistake of disregarding the original verified complaint as an affidavit, at least with regard to certain individual matters as to which, upon review, the Fourth Circuit concluded were properly set forth on the basis of personal knowledge. *See id*. at 498-500. The consequence in *Goodman* was that a summary judgment for the defendants had to be vacated, and remanded to allow the trial judge to reconsider the cited statements in the original, verified complaint to determine whether – and if so to what extent – such evidence would require denial of summary judgment in one or more regards.  As a result, if the Court does not strip the Complaint herein of its verification, Via and the other Defendants should be allowed immediate, limited discovery, as outlined above, before being required to file verified answers.

(unverified) pleading will avoid a host of potential discovery complications or other substantive problems, as well as complications relating to perjury issues and related sanctions that might be sought if verified factual statements in the Complaint were later proven false or, worse yet, knowingly false. Furthermore, with the exception of Defendant Khan, all the named Defendants have filed a motion to dismiss, rather than an answer. Because the motion to dismiss standard under Rule 12(b)(6) preemptively requires that the Court take as true all factual allegations in the Complaint (*see* Fed. R. Civ. P. 12(b)(6)), a successful challenge to the "verification" would not take practical effect unless Via's or other defendants' Motions to Dismiss are denied and verified answers otherwise would become required. *See Asemota v. Suntrust Mortg.*, 2012 U.S. Dist. LEXIS 83744, at *18-*19 (W.D. Tenn. June 18, 2012) (noting that a verified complaint is given the same treatment as a non-verified complaint at the motion to dismiss stage under the applicable standard of review). Therefore, the timing of the instant Motion challenging the Complaint's verification, which was filed after the other Appomattox Defendants had already filed their respective motions to dismiss, does not prejudice the parties in any way.

### E. It Would Be Unduly Burdensome, Prejudicial, and Otherwise Unreasonable to Require Defendant Via to Respond Factually with a Verified Answer.

Plaintiff's verification, if enforced, sets in motion potential obligations to respond with verified pleadings. Given the body of the Complaint is fifty-three pages long, having to verify an answer – if Via's Motion to Dismiss is ultimately unsuccessful – would be unduly burdensome and prejudicial.

First, having to admit or deny each long paragraph of factual allegations under penalty of perjury at the heightened Rule 11 investigative standard for verified pleadings is unreasonable in a twenty-one-day window. A verified answer in some ways mirrors a Rule 36 Request for Admissions, which typically occurs later in the discovery period. *See* Fed. R. Civ. P. 36. In a

fact-intensive case like this, the heightened investigative requirement posed by verified pleadings may be a reasonable burden before the last phase of discovery. However, requiring the same kind of "complete, true, and accurate" response to each factual allegation before discovery has commenced, particularly when the Complaint is so likely to contain false, misleading, or inaccurate allegations, is highly burdensome, clearly unreasonable, and fundamentally unfair.

Second, and further muddying the waters, a large portion of this fifty-three-page Complaint has nothing to do with Defendant Avery Via. Requiring Defendant Via to investigate and verify under penalty of perjury facts to which he has no personal knowledge defies logic and places a potentially onerous investigative burden on the Defendant and his counsel. Indeed, to the extent that Mr. Via's allegedly actionable acts or omissions overlapped those of other defendants, the burden of appropriate investigative activities for Mr. Via could be severe.[5]

---

[5] In matters involving temporary restraining orders or other emergency relief, courts normally authorize immediate discovery limited to issues likely to affect early action by the court, including issuance of preliminary injunctions, making interim custody decisions, or the like, as well as before holding a hearing on a permanent injunction. *See, e.g., Capital One Fin. Corp. v. Sykes*, 2021 U.S. Dist. LEXIS 128617, at *6-*8, *30-*31, *45-*47 (E.D. Va. July 9, 2021) (Lauck, J.) (permitting limited discovery before each stage of injunctive relief action); *Bojangles' Int'l LLC v. CKE Restaurant Holdings*, 2017 U.S. Dist. LEXIS 112264, at *16-*20 (W.D.N.C. July 19, 2017) (granting limited discovery in trademark suit before considering motion for preliminary injunction); *Nutrition & Fitness, Inc. v. Progressive Emu, Inc.*, 2012 U.S. Dist. LEXIS 59085, at *9-*11 (E.D.N.C. Apr. 27, 2012) (ordering limited discovery to enable parties to prepare for hearing on preliminary injunction, including discovery on allegations of irreparable injury in verified complaint); *also see Mid Atlantic Telecom, Inc. v. Long Distance Services, Inc.*, 18 F.3d 260, 264 (4th Cir., 1994) (remanding for district court to allow plaintiffs discovery into existence of sufficient predicate acts and other elements of a civil RICO claim).

Such limited immediate discovery also is appropriate in cases presenting significant threshold issues of jurisdiction, venue, necessary parties and indispensable parties. *See, e.g., Volvo Car Corp. v. Unincorporated Ass'ns*, 2019 U.S. Dist. LEXIS 20074, at *4-*5 (E.D. Va. Jan. 19. 2019) (expedited discovery limited to identity of PayPal client defendants, their involvement in auto parts counterfeiting ring, and their related account assets); *Title Trading Services USA, Inc. v. Kundu*, 2015 U.S. Dist. LEXIS 40675, at *4-*7 (W.D.N.C. Mar. 30, 2015) (initial discovery limited to personal jurisdiction issues).

If Plaintiff's verification is not struck here, Via and the other Defendants should be entitled to such tailored discovery – likely including (a) production of documents that were or should have

Lastly, the burden of preparing a verified answer is doubly troubling when there are redundant, immaterial, impertinent, or scandalous matters in the "verified" complaint that each Defendant would have to respond to under penalty of perjury. For some of the more egregious allegations within the Court's purview to strike under Rule 12(f), the undersigned counsel refers the Court to Section II of Appendix A.

For all these reasons, the normal Rule 11 certification requirements are proper and more suitable here. If Via is compelled to answer this Complaint, the undersigned counsel should only be held to his regular certification burden: that, "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: … (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." Fed. R. Civ. P. 11(b).

## IV.   REQUEST FOR RELIEF

In short, the Complaint herein, as pleaded, <u>does not</u> meet the verification criteria required by 28 U.S.C. section 1746, because it includes vague wording such as "to the best of my knowledge," "on information and belief," and "Plaintiff believes." That wording could allow Plaintiff to avoid the likelihood of perjury even if verified allegations turned out to be false or materially misleading, and that – in effect – nullifies the intended purpose of verification where it is required. Accordingly, this Complaint should be treated as an ordinary pleading, to which an ordinary answer by Via and other defendants will suffice.

Alternatively, if the Court finds that this Complaint satisfies the criteria to be considered properly verified, Defendant would nevertheless ask the Court to order in its discretion that the

---

been relied on in drafting the Complaint and (b) deposition of the person or persons verifying the Complaint and perhaps some of their sources as well – before being required to prepare and file verified answers and/or other pleadings.

verification be stricken on the grounds that it is not required by law and will present unnecessary complications for this litigation, including the potentially significant burden on the Defendants to meet the actual requirements for verified answers, regardless of the serious defects of the same kind in this Complaint. Otherwise, undersigned counsel could not ethically call upon Mr. Via or any other verifying person to sign a Verification without the benefit of the sort of focused discovery outlined above, including but not limited to deposing Ms. Blair and her principal sources using the Verified Complaint as an outline.

Wherefore, for all the foregoing reasons, the Court should grant Via's Motion to Strike the Complaint's Verification, order that the Complaint be treated as an ordinary (unverified) pleading going forward in this action, and enter such other and further relief that the Court deems appropriate in the interests of justice.

Dated: October 30, 2023

                                        Respectfully submitted,

                                        */s/ Andrew Butz*

Heather S. Deane (VSB No. 41895)
Andrew Butz (VSB No. 16280)
Charles Y. Sipe (VSB No. 31598)
Brandi R. Howell, Esq. (VSB No. 74110)
Kiernan Trebach LLP
1233 20th Street, NW, Eighth Floor
Washington, D.C. 20036
Tel: (202)712-7000
Fax: (202)712-7100
hdeane@kiernantrebach.com
abutz@kiernantrebach.com
csipe@kiernantrebach.com
bhowell@kiernantrebach.com
*Counsel to Defendant Avery Via*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 30, 2023, a copy of the foregoing was served via the Court's CM/ECF system, upon:

Mary E. McAlister (VA Bar No. 76057)
Child & Parental Rights Campaign, Inc.
P.O. Box 637
Monroe, VA 24574
Email: mmcalister@childparentrights.org
*Attorney for Plaintiff*

Vernadette R. Broyles (GA Bar No. 593026)*
Ernest G. Trakas (MO Bar 33813)*
Child & Parental Rights Campaign, Inc.
5805 State Bridge Road, Suite G310
Johns Creek, GA 30097
vbroyles@childparentrights.org
etrakas@childparentrights.org
*Admitted pro hac vice
*Attorneys for Plaintiff*

Jeremy D. Capps (VSB No. 43909)
Melissa Y. York (VSB No. 77493)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, VA 23255
jcapps@hccw.com
myork@hccw.com
*Attorneys for Appomattox County School Board,
Dr. Annette A. Bennett, and Dena Olsen*

                                              /s/ Andrew Butz
                                              _____
                                              Andrew Butz