**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION**

| | | |
|---|---|---|
| MICHELE BLAIR, individually and as | ) | |
| Guardian and next friend of S.B, a minor; | ) | |
| | ) | |
| Plaintiff. | ) | Civil Action No. 6:23-cv-00047-NKM |
| | ) | **Plaintiff's Brief In Opposition To** |
| | ) | **Defendant Avery Via's Motion To** |
| v. | ) | **Strike Complaint's Verification** |
| | ) | |
| APPOMATTOX COUNTY SCHOOL | ) | |
| BOARD, *et.al.* | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, Michele Blair, by and through her attorneys of record, submits this Brief In Opposition to Defendant Avery Via's ("Via") Motion to Strike Plaintiff/Complainant's Verification [Dkt. 58].

**FACTUAL AND PROCEDURAL HISTORY**

On August 22, 2023, Plaintiff filed a Verified Complaint seeking damages against Defendants the Appomattox County School Board, Superintendent Dr. Annette Bennett, school counselor Dena Olsen, Maryland public defendant Aneesa Khan, and Defendant here, Avery Via, a counselor employed by Hope for Tomorrow who is providing counseling service at Appomattox County High School under a contract with the School Board. As to Mr. Via, Plaintiff alleges that he violated her fundamental parental rights to make decisions regarding the upbringing and mental health of her daughter, S.B., and her and S.B.'s fundamental rights to familial privacy, that he conspired to violate Mrs. Blair's fundamental rights, that he tortiously interfered with Mrs. Blair's parental rights, and that he intentionally inflicted emotional distress on Mrs. Blair and S.B. [Dkt. 1]

Mr. Via filed a Motion to Dismiss the Complaint, as did fellow Defendants the School Board, Dr. Bennett, and Mrs. Olsen. Ms. Khan's response to the Complaint is due on December 18, 2023. Now, before this Court has had the opportunity to review the Complaint and the parties' respective arguments regarding its sufficiency, Mr. Via is asking this Court to strike the verification from the Complaint. [Dkt. 58]. Other than his own inconvenience, Mr. Via does not provide any legal or factual basis for the motion.

## LEGAL ARGUMENT

Reduced to its quintessence, Mr. Via's argument is founded on four flawed premises: 1) A verified complaint is not required and therefore is inappropriate and improper for Plaintiff's civil rights claim; 2) Plaintiff's verification is invalid because it does not contain the language necessary to be used as an affidavit in support of a motion for summary judgment; 3) Including allegations on information and belief regarding facts that are only known to Defendants at the pleading stage risks Rule 11 sanctions; 4) It is unfair and burdensome to require that Mr. Via provide a comprehensive verified answer to Plaintiff's Complaint. For reasons set forth below, Mr. Via's motion is so lacking in legal or factual substance as to be specious.

## I.   Plaintiff's Choice To Verify Her Complaint Is Not Improper Or Inappropriate.

Mr. Via's first flawed premise is that because a verified Complaint is not required for Mrs. Blair's civil rights claims for damages it is *ipso facto* improper, or to use his words, "presumptively inappropriate." (Brief in Support, p. 5). As Mr. Via correctly asserts, the Federal Rules of Civil Procedure require that complaints be verified only for shareholder derivative actions or when seeking a temporary restraining order without an affidavit, neither of which is true here. (Brief in Support, p. 4, citing Rules 23.1 and 65(b)). However, the fact that Plaintiff is not required to verify her complaint does not mean that she is prohibited from doing so. Nor does it mean that Plaintiff has some hidden sinister motive, as Mr. Via claims: "for whatever reason or motivation, Plaintiff

2

nevertheless chose to verify the Complaint, and her purpose likely was inconsistent with the spirit of litigation under the Federal Rules of Civil Procedure."  (Brief in Support, p. 5).

Mr. Via does not and cannot explain why a plaintiff's decision to verify her complaint is somehow "inconsistent with the spirit of litigation." As Mr. Via states, "The initiation of a lawsuit is a serious matter" and "verifying a complaint is a serious matter." (Brief in Support, p. 3). "When serious violations are alleged, especially under oath in a verified complaint, courts and the public take them seriously." (Brief in Support, p. 3). Indeed, given the gravamen of the facts and injuries suffered by Mrs. Blair and her daughter and Mr. Via's alleged actions contributing to those injuries, Plaintiff chose to file a verified complaint precisely because it is a serious matter that Plaintiff wants to ensure is taken seriously. Plaintiff is fully cognizant of all implications associated with verifying the complaint and welcomes the responsibility to prove the allegations.

## II.  Defendant's Attack On The Language Of The Verification And Substance Of Plaintiff's Allegations Is Inappropriate At The Motion To Dismiss Stage.

Mr. Via's second flawed premise is that Plaintiff's verification should be stricken because its language and the substance of Mrs. Blair's allegations do not comport with the evidentiary requirements of motions for summary judgment.

### A.  Mr. Via's Reliance on Summary Judgment Standards for this Motion to Dismiss is Flawed.

Mr. Via has utterly failed to recognize the difference between the pleading stage and summary judgment stage of litigation. This is apparent in his reliance on 28 U.S.C. § 1746, which describes the requirements for affidavits and verifications to be used as evidence, not for verifications attached to complaints. Mr. Via's error is also apparent in his reliance on cases which found verifications inadequate for use as affidavits in opposition to motions for summary judgment. *Walker v. Tyler County Comm'n*, 11 F. App'x 270, 274 (4th Cir. 2001); *Hogge v. Stephens*, Civil Action No. 3:09CV582, at *4-5 (E.D. Va. June 1, 2011); *see also, Allah v. Engelke*,

No. 7:20-CV-00755, 2023 WL 2188736, at *4 (W.D. Va. Feb. 23, 2023). Mr. Via claims that these cases provide that "information and belief" language "does not suffice for verification." (Brief in Support, p. 8). That is not entirely true. The cases cited by Mr. Via ruled that "a verified complaint that alleges facts that are made on belief or information and belief is insufficient **to oppose summary judgment,**" not insufficient as a verified pleading. *Walker,* 11 F. App'x at 274 (emphasis added).

As this Court said in *Allah*, "[a]s a general rule, when one party files a motion for summary judgment, the non-movant cannot rely on matters pleaded in the complaint, but must, by factual affidavit or the like, respond to the motion." 2023 WL 2188736, at *4 (citing *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1993)). A verified complaint can be the equivalent of an opposing affidavit for summary judgment, but only if "the allegations therein are based on personal knowledge." *Id.*, citing *Walker,* 11 F. App'x at 274. In *Walker,* the Fourth Circuit said "Rule 56(e) precludes consideration of materials not based on the affiant's first hand knowledge."11 F. App'x at 274. Therefore, a verified complaint that alleges facts that are made on belief or information and belief, such as the plaintiff's complaint in that case, "is insufficient to oppose summary judgment." *Id.* Citing *Walker*, the Eastern District found that a plaintiff's attempt to transform his unverified pleadings into verified affidavits for purposes of summary judgment was unavailing. *Hogge,* Civil Action No. 3:09CV582, Ruling on Motion for Summary Judgment at *4-5 (E.D. Va. June 1, 2011), *aff'd Hogge v. Stephens*, 469 F. App'x 160 (4th Cir. 2012) (per curiam). Therefore, the facts contained within the documents were regarded as "mere pleading allegations," not evidence for a summary judgment determination. *Id.* Here, by contrast, at the motion to dismiss stage, the complaint's "mere pleading allegations" are sufficient to satisfy Rule 8 and survive a motion under Rule 12b(6).

*Metcalf v. The Geo Grp.*, Civil Action 3:21CV177-HEH, Ruling on Summary Judgment [Dkt 29] at *4-5 (E.D. Va. Jan. 31, 2022) also does not support Mr. Via's proposition that a verification on "information and belief" is invalid. Contrary to Mr. Via's paraphrase of the ruling, the *Metcalf* court did not hold that the "verification was not sufficient and therefore treated the complaint as non-verified." (Brief in Support, p. 9). Instead, in ruling on a *motion for summary judgment*, the court refused to treat a memorandum of law verified by the plaintiff as evidence, but did treat as evidence the complaint verified with the following:

> I have read the foregoing Complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, that I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

*Metcalf* at *4-*5, (citing Dkt 1).

None of the statutes or cases cited by Mr. Via support his claim that Mrs. Blair's verification is somehow inappropriate, invalid or "inconsistent with the spirit of litigation." The verified Complaint might not serve as an affidavit to defeat summary judgment, but it is sufficient and valid as an initial pleading for purposes of Rule 12b(6).

### B. Defendant's Attack on the Veracity of the Allegations is Inappropriate and Misplaced.

Again failing to properly differentiate between a motion to dismiss and a motion for summary judgment, Mr. Via steps outside the boundaries of Rule 12b(6) to attack the veracity and credibility of Plaintiff's allegations and concomitantly of Plaintiff herself. Mr. Via accuses Plaintiff of filing a complaint "likely to contain false, misleading, or inaccurate allegations" containing "demonstrable factual inaccuracies" including "... materially misleading… redundant, immaterial, impertinent, or scandalous matters." (Brief in Support at 2, 10). Mr. Via takes the next step to threaten Mrs. Blair with "the real possibility of sanctions under Rule 11 for falsehoods or materially misleading statements alleged in a verified complaint." (*Id.* at 10, 13). Mr. Via then

belies his faux outrage by admitting that, at this stage, he can only "**expect[]** to prove" that the allegations are "false, out of context, and otherwise materially misleading as evidence, within the ambit of 28 U.S.C. § 1746 and Rule 11." (Brief in Support at 2 (emphasis added)). Virtually identical arguments have been rejected by district courts in recognition of the differential standards for motions to dismiss and motions for summary judgment.

What is important, indeed imperative, at this stage—a motion to dismiss under rule 12b(6)—is for the Court to determine the sufficiency of the Complaint, not the substance or veracity of the allegations. *Johnson v. Bullhead Investment, LLC*, 1:09CV639 Order on Motions to Strike and Dismiss (M.D.N.C. Jan. 11, 2010). In *Johnson*, as here, the defendant moved to strike portions of Plaintiff's complaint arguing that Plaintiff Elaine Annette Johnson's claims and allegations were immaterial because they related to potential injuries and claims incurred by a different person, Elaine E. Johnson, not a party to the suit. Elaine Annette Johnson had sued defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., for subjecting her to debt collection actions for several years. Elaine Annette Johnson had no previous relationship with the defendants. Nevertheless, defendants had pursued debt collection against Elaine Annette Johnson instead of Elaine E. Johnson, the person whom the defendant may have had legitimate claims against. The court noted that the purpose of Rule 12(b)(6) is to "test the sufficiency of the complaint, not to decide the merits," *Id.* at *6, *citing Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991). Citing *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007), the *Johnson* court noted that under Rule 8, a plaintiff is not required to provide a detailed factual recitation, but merely state grounds for entitlement to relief. *Johnson v. Bullhead Investments, LLC.*, at *6.

The *Johnson* court also denied the defendant's request, similar to Mr. Via's request here, to strike portions of the complaint under Rule 12(f), which permits a court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." *Id.* Such motions are "strictly construed and are generally viewed with disfavor." *Id.* (citing *Waste Mgmt. Holdings, Inc. v. Gilmore,* 252 F.3d 316, 347 (4ᵗʰ Cir. 2001)). Rule 12(f) motions such as Mr. Via's are disfavored "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Gilmore*, 252 F.3d at 347 (citing 5A A. Charles Alan Wright Arthur R. Miller, FEDERAL PRACTICE PROCEDURE § 1380, 647 (2d ed. 1990).) Similarly, in *Smith v. Penick*, 2:20-cv-00548, at *7 (S.D.W.Va Sep. 10, 2021), the district court said that Rule 12(f) motions "will not be granted unless the challenged allegations have **no possible or logical connection to the subject matter of the controversy** and may cause some form of significant prejudice to a party" *Smith* at *7 (emphasis added).  The presence of Mrs. Blair's verification on the complaint does not satisfy that standard.

### III.    Plaintiff Properly Alleges Facts On Information and Belief.

Mr. Via's third fundamentally flawed premise is that verifying the Complaint is somehow evidence of a surreptitious intent on the part of Mrs. Blair to avoid fully investigating facts prior to filing suit. (Brief in Support, pp. 9-10). Mr. Via devotes significant discussion and several pages of an appendix to his motion to decry Mrs. Blair's use of "information and belief" allegations in 24 of the 229 paragraphs in the Complaint as an effort to shirk her responsibility to discover the specifics of the actions taken, words spoken, and motivations underlying Defendants' conduct before filing suit. (Brief in support, pp. 2, 6-10, 13, Appendix A).

What has apparently escaped Mr. Via's attention is that "[a] plaintiff is generally permitted to plead facts based on 'information and belief' if such plaintiff is in a position of uncertainty

7

because the necessary evidence is controlled by the defendant." *Ridenour v. Multi-Color Corp.*, 147 F. Supp. 3d 452, 456 (E.D. Va. 2015). As is true here, in *Sorbara v. Carilion Rockbridge Community Hospital,* the defendants took issue with the plaintiff's reliance on "information and belief" in forming her allegations. Civil Action 7:23-cv-00078, at *8 n.5 (W.D. Va. Aug. 28, 2023). In *Sorbara,* this Court rejected the hospital defendants' argument that the plaintiff's "[a]llegations of EMTALA violations made solely on information and belief 'raise questions about the sufficiency of the EMTALA claim.'" *Id.* Citing *Ridenour,* this Court held that the "information and belief" allegations regarding hospital operations were appropriate when the necessary evidence regarding those operations was controlled by defendants. *Id.* Similarly, the Eastern District court rejected a defendant's objection to the plaintiff's use of information and belief" allegations regarding harassment reports made by a third party. *Monegain v. Va. Dep't of Motor Vehicles*, 491 F. Supp. 3d 117, 138 n.13 (E.D. Va. 2020). The court noted that "[a]t this stage of the litigation, Monegain likely does not have access to internal records of complaints of harassment at the DMV." *Id. See also, GMS Indus. Supply v. G&S Supply, LLC,* 441 F. Supp. 3d 221, 237 (E.D. Va. 2020) (finding allegations upon "information and belief" regarding the amount of lost profits, which was known to defendants but not plaintiffs, was sufficient to survive a motion to dismiss).

As was true in *Ridenour, Sobara, Monegain,* and *GMS,* Plaintiff does not have access to the internal records of Appomattox County Schools, Dr. Bennett, Mrs. Olsen, Mr. Via, or Mr. Via's employer which contain the evidence necessary to substantiate the allegations of the Complaint that have been alleged on information and belief. The information detailing the conversations, actions, decisions, and other conduct related to Mrs. Blair's claims is under the control of Defendants. Notably, a significant aspect of Mrs. Blair's claims is the fact that information critical to her daughter's mental health was withheld from Mrs. Blair, meaning *ipso*

*facto*, that she does not have access to it. Under these circumstances, Mrs. Blair is permitted to allege facts on information and belief and her doing so is not attributable to any untoward motivation as Mr. Via implies. Contrary to Mr. Via's assertion, the presence of "information and belief" allegations in Mrs. Blair's complaint does not require that she "either omit them or file a normal unverified pleading that complies with Rule 11's baseline requirements." (Brief in Support, p. 10).

### IV.    Defendant's Purported Burden In Having To Respond To A Verified Complaint Does Not Justify Striking The Verification.

Mr. Via's final flawed premise is not a legal argument but a complaint about having to comply with the federal rules regarding answering verified pleadings. Mr. Via does not and cannot provide any legal authority for his proposition, which is little more than a rehashing of his objections to the information and belief allegations and misguided attempt to place the veracity of the allegations at issue at the motion to dismiss stage. As Mr. Via admits, if Mrs. Blair had sought equitable relief, then a verified complaint and the concomitant obligation to respond to each allegation would be mandatory, regardless of the inconvenience it would place on the parties and counsel. Again, Mr. Via does not and cannot provide any legal authority providing that the relative burden on the parties posed by the federal rules can justify exemption from the rules or require that one of the parties' decisions be overruled.

### CONCLUSION

Mr. Via's motion is a barren missive, devoid of merit, designed and intended to deflect, delay, burden, and threaten Plaintiff. Mr. Via's unprofessional and unjustified ad hominem attack on Plaintiff only demonstrates the lack of merit in his motion. Mrs. Blair has alleged sufficient facts to establish her and S.B.'s entitlement to relief, which is all that is required at this stage. Mr. Via's motion to strike the verification should be denied.

Dated: November 10, 2023.

/s/Mary E. McAlister
Mary E. McAlister (VA Bar No.76057)
CHILD & PARENTAL RIGHTS CAMPAIGN, INC.
P.O. Box 637
Monroe, VA 24574
770.448.4525
mmcalister@childparentrights.org

Vernadette R. Broyles (GA Bar No. 593026)*
Ernest G. Trakas (MO Bar 33813)*
CHILD & PARENTAL RIGHTS CAMPAIGN, INC.
5805 State Bridge Rd., Suite G310
Johns Creek, GA 30097
770.448.4525
*Admitted pro hac vice

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of November, 2023, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system, which will send notification of such filing

to the following:

Jeremy D. Capps (VSB No. 43909)
Melissa Y. York (VSB No. 77493)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
jcapps@hccw.com
myork@hccw.com
Counsel for Defendants ACSB, Annette Bennett and Dena Olsen

Heather S. Deane (VSB No. 41895)
Andrew Butz (VSB No. 16280)
Charles Y. Sipe (VSB No. 31598)
Brandi R. Howell, Esq. (VSB No. 74110)
Kiernan Trebach LLP
1233 20th Street, NW, Eighth Floor
Washington, D.C. 20036
Tel: (202)712-7000
Fax: (202)712-7100
hdeane@kiernantrebach.com
abutz@kiernantrebach.com
csipe@kiernantrebach.com
bhowell@kiernantrebach.com
Counsel for Defendant Avery Via

*/s/Mary E. McAlister*
Mary E. McAlister (VA Bar No.76057)