**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

MICHELE BLAIR, INDIVIDUALLY AND
AS GUARDIAN AND NEXT FRIEND OF
S.B., A MINOR,

        Plaintiff,

v.                              Case No. 6:23cv00047

APPOMATTOX COUNTY SCHOOL
BOARD, *et al.*,

        Defendants.

### AVERY VIA'S REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE THE COMPLAINT'S VERIFICATION

COMES NOW Defendant Avery Via ("Via"), by and through his undersigned counsel, Kiernan Trebach LLP, pursuant to Federal Rules of Civil Procedure 11 and 12(f) and this Court's Standing Order for Civil Cases, and hereby submits this Reply Brief in support of Via's Motion to Strike the Complaint's Verification.

### INTRODUCTION

On August 21, 2023, Michele Blair declared "under penalty of perjury under 28 U.S.C. §1746 that [she] ha[s] read the foregoing Complaint, and the factual allegations contained within, and to the best of [her] knowledge the factual allegations are true and correct." (*Compare* ECF No. 1, at 54, *with* 28 U.S.C. § 1746 (requiring that the verification be substantially in the following form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.").) In the Complaint, there are at least 24 sentences that are expressly based on mere information and belief, and which therefore are not based on Ms. Blair's personal knowledge. (*See* Appendix A, ECF No. 59-1.)

Plaintiff has never articulated why she attached a "verification" to her Complaint. Considering the specific claims asserted and the relief sought in this case, the parties agree that a verified complaint is neither required by statute nor the Federal Rules of Civil Procedure in this matter.  Given that this is neither a shareholder derivative action, nor an *in rem* action, nor request for emergency injunctive relief, Via questions whether it was even appropriate for Plaintiff to "verify" a pleading when both  (a)  the action <u>does not</u> require it and  (b)  Plaintiff's claims <u>do not</u> exclusively rely on factual allegations based solely on Ms. Blair's personal knowledge.

The default Rule 11 pleading standard already requires an attorney's certification that every allegation in a standard (unverified) complaint be made "to the best of the person's knowledge, information, and belief."  If any and all factual allegations in a verified complaint can be brought forth based on "information and belief" or "to the best of one's knowledge," verification has no practical purpose or function. And the consequences if allegations are proven false and incorrect have no teeth, other than Rule 11 civil sanctions.  Put another way, placing qualifying language before a phrase you then offer to be true and correct such as "based on information and belief" or "to the best of my knowledge," in theory, could allow a litigant to avoid the penalty of perjury.

In her Opposition, Plaintiff has implicitly admitted that there are factual allegations in this Complaint that <u>are not</u> and <u>cannot</u> be based on her personal knowledge.[1]  (*See* ECF No. 65, at 8-9.)  Plaintiff hopes "to substantiate the allegations of the Complaint that have been alleged on

---

[1] The following is a direct quote from Plaintiff's Opposition brief:

"Plaintiff does not have access to the internal records of Appomattox County Schools, Dr. Bennett, Mrs. Olsen, Mr. Via, or Mr. Via's employer which contain the evidence necessary to substantiate the allegations of the Complaint that have been alleged on information and belief.  The information detailing the conversations, actions, decisions, and other conduct related to Mrs. Blair's claims is under the control of Defendants. Notably, a significant aspect of Mrs. Blair's claims is the fact that information critical to her daughter's mental health was withheld from Mrs. Blair, meaning *ipso facto*, that she does not have access to it."  ECF No. 65 at 8-9.

information and belief" at a later time, once she gains access to the Defendants' records in discovery.  (*Id.* at 8.)  In short, given her own implicit admissions, Ms. Blair had no way of actually knowing whether or not at least 24 sentences in the Complaint containing "information and belief" allegations were true, partially true, or outright false when she signed her name to the "verification" on August 21, 2023.  And while Rule 11(b)(3) generally allows plaintiffs in normal pleadings to make factual contentions "likely" to have "evidentiary support" after an opportunity for discovery, plaintiffs, such as Ms. Blair, who choose to subject their allegations to the heightened requirements of verified pleadings and 28 U.S.C. § 1746 cannot do the same.

Thus, to ensure that verification has meaningful utility, basic standards have been adopted, and federal courts have treated pleadings as unverified when they fail to meet certain criteria.  This leads to the heart of the matter, which is whether Plaintiff, in voluntarily choosing to move forward with verification, failed to adequately meet the basic verification standards and principles outlined in section 1746 and federal case law and, consequently, whether the Court should strike the verification or declare the verification invalid for purposes of this litigation and treat the Complaint as a normal pleading with mere allegations moving forward.  In seeking such a ruling, Defendant Via's position is that he should not be expected to comply with the enhanced standards of verification in the preparation of an Answer when Plaintiff failed to do the same.  Furthermore, if this case ultimately reaches summary judgment, Plaintiff should not be permitted to use her Complaint as an affidavit because of the inherent deficiencies of Plaintiff's purported verification. That is, because the allegations in the Complaint are not exclusively based on Ms. Blair's personal knowledge, Plaintiff cannot rely on the allegations in the Complaint to support any potential opposition to summary judgment.

Finally, Plaintiff dedicates several pages of her Opposition to the argument that

Defendant's substantive points about verification do not apply at the motion to dismiss stage and/or are misplaced within the context of the motions to dismiss presently before the Court.  But the arguments in Defendant's opening brief and this Reply were never meant to be considered as connected or related to the motions to dismiss, a point this Defendant made abundantly clear in the opening brief:

> Because the motion to dismiss standard under Rule 12(b)(6) preemptively requires that the Court take as true all factual allegations in the Complaint (*see* Fed. R. Civ. P. 12(b)(6)), a successful challenge to the "verification" would not take practical effect unless Via's or other defendants' Motions to Dismiss are denied and verified answers otherwise would become required.  *See Asemota v. Suntrust Mortg.*, 2012 U.S. Dist. LEXIS 83744, at *18-*19 (W.D. Tenn. June 18, 2012) (noting that a verified complaint is given the same treatment as a non-verified complaint at the motion to dismiss stage under the applicable standard of review).

(ECF No. 59, at 11.)

Defendant has stated from the outset that this Motion challenging the verification status would not take practical effect until after the motion to dismiss stage.  Indeed, Defendant Via takes no issue with the Court deferring a ruling on this Motion until after the Defendants' motions to dismiss have been decided, but would respectfully request a hold on the fourteen-day period to file an Answer until after Via's Motion to Strike the Complaint's Verification is ruled upon.

Accordingly, if this case ultimately survives the motions to dismiss, Defendant is simply asking the Court Order  (a)  that Defendants are not required to respond to the Complaint with verified Answers and  (b)  that Plaintiff cannot use Complaint allegations as an affidavit at the summary judgment stage unless they meet Rule 56 requirements for actual personal knowledge.

## ARGUMENT

### I.    The Complaint Should Be Treated As a Normal Unverified Pleading.

Plaintiff's verification <u>does not</u> adhere to each of the requirements of section 1746 and should therefore be stricken, or alternatively deemed not to be a verified complaint.  As will be

shown below, Plaintiff barely addressed and failed to provide any legal support to effectively rebut this argument.

Plaintiff references section 1746 only once in her Opposition, where she argues that "Mr. Via has utterly failed to recognize the difference between the pleading stage and summary judgment stage of litigation. This is apparent in his reliance on 28 U.S.C. § 1746, which describes the requirements for affidavits and verifications to be used as evidence, not for verifications attached to complaints." (ECF No. 65, at 3.) To be clear, Defendant's "reliance" on section 1746 is solely attributed to Plaintiff's reliance on the same for purposes of her own verification attached to her Complaint, which states:

> I, Michele Blair, am over the age of 18 and the Plaintiff in this action. **I declare under penalty of perjury under 28 U.S.C. § 1746 that I have read the foregoing Complaint**, and the factual allegations contained within, and to the best of my knowledge the factual allegations are true and correct. Executed on August 21, 2023 at Concord, Virginia.

(ECF No. 1, at 54.) To argue now that Via is misguided for relying on the standards imposed by the very statute Plaintiff chose to use in order to verify her own Complaint is illogical. Fourth Circuit precedent makes clear that a "complaint is 'verified' if it is signed, sworn, and submitted under penalty of perjury'." *Goodman v. Diggs*, 986 F.3d 493, 495 n.2 (4th Cir. 2021) (citations omitted). Plaintiff decided to forego the "sworn" requirement before a notary public and instead opted to pursue verification of her Complaint using an "unsworn declaration under penalty of perjury" made pursuant to and consistent with the requirements of 28 U.S.C. §1746. Further, Plaintiff conveniently omitted, did not address, and certainly failed to distinguish on-point case law cited by Via that directly contradicts Plaintiff's <u>incorrect</u> assertion that section 1746 <u>does not</u> describe the requirements "for verifications attached to complaints." *See Schwab v. Corizon Health*, 2022 U.S. Dist. LEXIS 176104 (W.D. Mich. Aug. 24, 2022).

The plaintiff in *Schwab*, just like Ms. Blair here, attempted to verify his complaint pursuant to 28 U.S.C. § 1746(2). *Id.* at *21. Section 1746, titled "unsworn declarations under penalty of perjury," states in pertinent part as follows:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same . . . such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
> . . .
> (2) If executed within the United States . . . :  'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.  Executed on (date). (Signature).

28 U.S.C. § 1746. The plaintiff's "verification," the *Schwab* court noted, was "not in the form required by the statute." *Id.*, 2022 U.S. Dist. LEXIS 176104, at *22.  Specifically, that "verification" stated:  "I have read the foregoing complaint and hereby verify that the matters alleged therein are true except as to matters alleged on information and belief, and as to those, I believe them to be true.  I certify under penalty of perjury that the foregoing is true and correct." *Id.*  In finding this verification to be "a diluted version of the form of the straightforward language required by the statute," the court held that "the complaint was not verified" and thus did not have the "same force and effect as an affidavit."  *Id.*

In the instant case, much like the plaintiff in *Schwab*, Ms. Blair failed to comply with section 1746, because her "to the best of my knowledge" statement in the verification – coupled with the twenty-four numbered factual allegations made solely on the basis of Plaintiff's "information and belief" – substantially undermines the two essential components of a proper section 1746 verification:  (1) declaring that **all** of the facts are true and correct; and (2) acknowledging that said declaration is made under penalty of perjury.  Simply put, Plaintiff

<u>did not</u> plainly "declare under penalty of perjury that the foregoing [factual allegations] are true and correct." Instead, Plaintiff sidestepped the clear and affirmative language of section 1746 by merely asserting that, "<u>to the best of my knowledge</u>[,] the factual allegations are true and correct." *See* ECF No. 1, at 54. That simply should not suffice for the verification of a pleading.

Linguistically, "[i]f you say that something is true to the best of your knowledge, you mean that you believe it to be true but it is possible that you do not know all the facts." (*See generally* The Collins English Dictionary (as of Nov. 14, 2023).) The phrase "to the best of one's knowledge" is akin to saying that "a person thinks something is true but that there may be something he or she does not know which makes it untrue." (*See generally* Merriam-Webster Dictionary (as of Nov. 14, 2023).) In other words, the phrase "to the best of my knowledge" could allow someone to allege something they think or believe is true so long as they do not know that fact to be false. Thus, the "to the best of my knowledge" language used by Plaintiff, by definition, is in the same category as "I believe something to be true" or "upon information and belief." Several courts in this Circuit have held this "information and belief" language <u>does not</u> suffice for verification.

For example, the Fourth Circuit has held that the verification of a complaint is insufficient when a complaint alleges facts that are, at least in part, made on information and belief, because it <u>does not</u> allow the parties or the court to conclude that such factual allegations are based on personal knowledge. *Walker v. Tyler County Comm'n*, 11 F. App'x 270, 274 (4th Cir. 2001). Other federal district courts in Virginia follow the Fourth Circuit's view. Where a verification is made "upon information and belief," or uses language such as "I believe the facts to be true," the verification "is insufficient" and should be treated as a normal pleading because such language avoids the possibility of perjury. *See Metcalf v. GEO Group, Inc.*, 2022 U.S. Dist. LEXIS 33189,

at *7, n.5 (E.D. Va. Feb. 24, 2022); *Hogge v. Stephens*, 2011 U.S. Dist. LEXIS 59462, at *10-*11 (E.D. Va. June 1, 2011).  In *Metcalf*, the plaintiff attempted to verify his complaint with the following statement: "I have read the foregoing Complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true.  I certify under penalty of perjury that the foregoing is true and correct." 2022 U.S. Dist. LEXIS 33189, at *7.  The court held that the verification was not sufficient and therefore treated the complaint as non-verified.  *Id.*  Of note, the "verification" in *Metcalf* is virtually identical to the one rejected in *Hogge*, and is substantially similar to one that the Fourth Circuit found to be lacking in *Walker*.

Plaintiff attempts to distinguish these cases as inapplicable by noting that the Court's analysis centered on whether the pleadings could be treated as affidavits at the summary judgment stage.  However, Plaintiff misses the point.  If a verification of a complaint is deemed to be valid by the Court – *i.e.*, the factual allegations are sworn or declared to be true and correct under penalty of perjury based solely on the individual's personal knowledge – the Plaintiff can use it as an affidavit to oppose a motion for summary judgment and the Court can properly rely on the factual allegations in its decision.  This is true whether the Court makes this determination at summary judgment or earlier in the litigation.  If the verification is flawed, however, such as when the Complaint does not rely on the individual's personal knowledge but instead on "information and belief," the Court "must" regard the facts in the complaint instead as "mere pleading allegations." *Walker*, 11 F. App'x at 274.  In other words, at summary judgment, the Court must treat the Complaint as an ordinary, unverified pleading if the verification is found to be deficient.  Instead of waiting until summary judgment to raise this argument, Defendant Via simply asks the Court to reach this conclusion a bit earlier as the parties contemplate immediate next steps and upcoming

discovery, absent a Rule 12(b)(6) dismissal of the claims asserted against Mr. Via.

Here, the Complaint makes at least 24 separate factual allegations that are, at least in part, improperly made on information and belief or that otherwise violate principles of verification under 28 U.S.C. § 1746.  Accordingly, the other parties and the Court cannot safely conclude that the factual allegations in the Complaint are based on the Plaintiff's personal knowledge.  Indeed, Plaintiff has essentially admitted that there are factual allegations in this Complaint that are not and cannot be based on her personal knowledge.[2]  Accordingly, the Court should find that Ms. Blair's Complaint cannot serve as an affidavit come summary judgment.

## II.    Plaintiff's "Information and Belief" Argument Fails to Distinguish Normal Pleading Standards Under Rule 11 and the Enhanced Standards for Verified Pleadings.

After pointing out that Via devoted significant discussion to Ms. Blair's use of "information and belief" allegations in 24 paragraphs of the Complaint, Plaintiff argues that what has "apparently escaped Mr. Via's attention is that '[a] plaintiff is generally permitted to plead facts based on 'information and belief' if such plaintiff is in a position of uncertainty because the necessary evidence is controlled by the defendant'."  (ECF No. 65 at 7-8 (quoting *Ridenour v. Multi-Color Corp.*, 147 F. Supp. 3d 452, 456 (E.D. Va. 2015)).)  But Via is not contesting that plaintiffs are "generally permitted" to plead facts based on information and belief.  In fact, Via stated as such in his opening brief when discussing Rule 11(b):

> Specifically, when certifying a regular pleading, an attorney is representing to the Court on the party's behalf that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: … (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."

(ECF No. 59, at 9.)  The distinction is that while plaintiffs are able to generally rely on information

---

[2] *See* note 1, *supra*.

and belief allegations for normal complaints, they <u>cannot</u> do so when choosing to be held to the personal knowledge standard implicit in the verification of a complaint, in which the truth and accuracy of <u>all</u> the factual allegations are declared under penalty of perjury.  To that end, the cases Plaintiff cites to support this section of her Opposition are telling, as none of them dealt with verified complaints.  *See Ridenour*, 147 F. Supp. 3d at 456; *Sorbara v. Carilion Rockbridge Cmty. Hosp.*, No. 7:23-cv-00078, 2023 U.S. Dist. LEXIS 151270 (W.D. Va. Aug. 28, 2023); *Monegain v. Va. Dep't of Motor Vehicles*, 491 F. Supp. 3d 117 (E.D. Va. 2020); *GMS Indus. Supply v. G&S Supply, LLC*, 441 F. Supp. 3d 221 (E.D. Va. 2020).

In short, while it is understandable that Plaintiff cannot possibly allege facts solely based on her personal knowledge related to information that is under the exclusive control of the Defendants, Via's position is that Plaintiff then has two options: (1) file a normal, unverified complaint with information and belief allegations; or (2) omit all factual allegations that are not based on Plaintiff's personal knowledge if Plaintiff decides to make the intentional choice to verify under penalty of perjury that the foregoing allegations are true and correct.  Anything to the contrary renders the verification improper.

III.    **A Verified Answer Is Not Required Pursuant to Rule 11(a).**

Plaintiff's Opposition states that "Mr. Via's final flawed premise is not a legal argument but a complaint about having to comply with the federal rules regarding answering verified pleadings."  (ECF No. 65, at 9.)  Upon further review and consideration of Plaintiff's point, Defendant Via contends there are no federal rules requiring this Defendant to respond to a verified complaint with a verified answer.  Just as Plaintiff was not required to file a verified complaint in this action, Defendant is not required to file a verified answer.  *See* Fed. R. Civ. P. 11(a) ("Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by

an affidavit.").  Moreover, the limited number of federal district courts that have addressed this issue all held or at least noted that, when a plaintiff files a verified complaint, the defendant has no obligation under the federal rules to file a verified answer.  *See McRae v. Perry*, 2012 U.S. Dist. LEXIS 126916, at *1-*2 (S.D. Ga. Sep. 6, 2012) (holding Rule 11(a) controls, and given plaintiff failed to point to a specific statute or rule outside of an inapplicable Georgia procedural rule, the defendant did not have to file a verified answer in response to the plaintiff's verified complaint); *Kirkland v. Guardian Life Ins. Co. of Am.*, 352 F. App'x 293, 297 (11th Cir. 2009) (relying on Rule 11(a) and holding the federal rules do not require a verified answer to a verified complaint); *Middleton v. Wells Fargo Bank, N.A.*, 2019 U.S. Dist. LEXIS 124775, at *4-*5 (D. Nev. July 26, 2019) (holding that there is no requirement that a verified complaint requires a verified answer); *Wilson v. JP Morgan Chase Bank, N.A.*, 2012 U.S. Dist. LEXIS 23729, at *21 (N.D. Ga. Feb. 24, 2012) (noting that there is no requirement under the Federal Rules of Civil Procedure that the defendant's answer be verified).

Based on the foregoing, if the Court ultimately decides that Plaintiff's verification is sufficient, Via would alternatively ask the Court to rule under Rule 11(a) that the Defendants here have no obligation to verify their Answers, if and when filed.

## CONCLUSION

Plaintiff's Complaint, as pleaded, <u>does not</u> meet the verification criteria required by 28 U.S.C. § 1746, because it includes vague wording such as "to the best of my knowledge," "on information and belief," and "Plaintiff believes."  That wording could allow Plaintiff to avoid the likelihood of perjury even if verified allegations turned out to be false or materially misleading, and that – in effect – nullifies the intended purpose of verification where it is required. Accordingly, this Complaint should be treated as an ordinary pleading, to which an ordinary

answer by Via and other defendants will suffice.  Additionally, Plaintiff should not be able to rely on the Complaint as an affidavit at the summary judgment stage.

In the alternative, if the Court finds that this Complaint satisfies the criteria to be considered properly verified, Defendant would ask the Court to enter a ruling under Rule 11(a) opining that the Defendants here have no obligation under the Federal Rules of Civil Procedure to verify their Answers, if and when filed.

Wherefore, for all the foregoing reasons, the Court should grant Via's Motion to Strike the Complaint's Verification, order that the Complaint be treated as an ordinary (unverified) pleading going forward in this action, and enter such other and further relief that the Court deems appropriate in the interests of justice.

Dated:  November 15, 2023

Respectfully submitted,

*/s/ Andrew Butz*

Heather S. Deane (VSB No. 41895)
Andrew Butz (VSB No. 16280)
Charles Y. Sipe (VSB No. 31598)
Brandi R. Howell, Esq. (VSB No. 74110)
Kiernan Trebach LLP
1233 20th Street, NW, Eighth Floor
Washington, D.C. 20036
Tel: (202)712-7000
Fax: (202)712-7100
hdeane@kiernantrebach.com
abutz@kiernantrebach.com
csipe@kiernantrebach.com
bhowell@kiernantrebach.com
*Counsel to Defendant Avery Via*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November 15, 2023, a copy of the foregoing was served

via the Court's CM/ECF system, upon:

Mary E. McAlister (VA Bar No. 76057)
Child & Parental Rights Campaign, Inc.
P.O. Box 637
Monroe, VA 24574
Email: mmcalister@childparentrights.org
*Attorney for Plaintiff*

Vernadette R. Broyles (GA Bar No. 593026)*
Ernest G. Trakas (MO Bar 33813)*
Child & Parental Rights Campaign, Inc.
5805 State Bridge Road, Suite G310
Johns Creek, GA 30097
vbroyles@childparentrights.org
etrakas@childparentrights.org
*Admitted pro hac vice
*Attorneys for Plaintiff*

Jeremy D. Capps (VSB No. 43909)
Melissa Y. York (VSB No. 77493)
Brian Peter Ettari (VSB No. 98800)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, VA 23255
jcapps@hccw.com
myork@hccw.com
bettari@hccw.com
*Attorneys for Appomattox County School Board,
Dr. Annette A. Bennett, and Dena Olsen*

/s/ Andrew Butz
_____
Andrew Butz

13