IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

SAGE LILLY BLAIR,

    Plaintiff,

v.                                                        Case No. 6:23-cv-00047-NKM-CKM

APPOMATTOX COUNTY SCHOOL
BOARD,

    Defendant.

## AVERY VIA'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE THE SECOND AMENDED COMPLAINT AND/OR TO DISMISS FOR LACK OF JURISDICTION

COMES NOW Avery Via, by and through the undersigned counsel, Kiernan Trebach LLP, and, pursuant to Rules 12(f) and 12(b)(1) and this Court's Standing Order for Civil Cases, hereby submits this Memorandum of Points and Authorities in support of Via's Motion to Strike the Second Amended Complaint [ECF No. 121] and/or to Dismiss for Lack of Jurisdiction.

## I.    INTRODUCTION

This Motion focuses on the fact that Plaintiffs already have litigated and lost both (a) the right to file any further claim arising from the incidents that occurred at the Appomattox County High School in August 2021 — that is, res judicata or claim preclusion — and (b) the right to contest finality on whether Mr. Via and Ms. Olsen have qualified immunity for their part in those events — that is, collateral estoppel or issue preclusion. In this regard, Mr. Via submits its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1).[1]

Mr. Via also joins in the arguments presented in Appomattox County School Board and

---

[1] If Plaintiff is ultimately granted leave to amend *nunc pro tunc*, a request this Court should not entertain or tolerate, Mr. Via reserves all other rights, including the right to respond fully to the Second Amended Complaint under Rule 12(b)(6) and otherwise.

Ms. Olsen's Motion to Strike or, in the alternative, Deny Plaintiff Leave to File a Second Amended Complaint [ECF No. 124] and fully adopts and incorporates their Motion herein by reference.[2]

## II.    BACKGROUND

On June 25, 2024, this Court granted Via's Motion to Dismiss (as well as Olsen's), which among other claims, dismissed Mrs. Blair's two substantive due process claims brought under 42 U.S.C. § 1983 related to a "fundamental parental right to direct upbringing of children" and "right to familial privacy." ECF No. 106, at 1; ECF No. 84, at 23, 26. Plaintiff Sage and Ms. Blair appealed. ECF No. 107. On August 7, 2025, the Fourth Circuit affirmed this Court's dismissal of all claims other than Plaintiff's Title IX claim against the School Board. ECF No. 115. The Fourth Circuit issued its mandate on September 11, 2025, "remand[ing] the district court's ruling with respect to [Sage] Blair's deliberate indifference claim and affirm[ing] the district court's ruling with respect to all other claims." *Id.* at 17; ECF No. 119. Plaintiff Sage and the School Board are thus the only proper parties, and only Plaintiff's Title IX claim remains pending. To Mr. Via's surprise, Plaintiff filed a Second Amended Complaint on September 23, 2025, that improperly named Olsen and Via as defendants—both of whom have been dismissed from this action—and included a section 1983 First Amendment claim asserted by Blair—who is no longer a party in this matter. For the reasons discussed below (and in the School Board's Motion to Strike), Ms. Blair's First Amendment claim should be stricken and/or dismissed.

---

[2] *See also Angles v. Dollar Tree Stores, Inc.*, 494 F. App'x 326, 329 (4th Cir. 2012) ("The failure to obtain leave results in an amended complaint having no legal effect."). In addition to Plaintiff's failure to move for leave to amend, Mr. Via also notes that Plaintiff never sought Mr. Via's consent to amend the complaint wherein he would be a named defendant. As such, there was no proper basis under Rule 15 for the filing of this Second Amended Complaint, which has no legal effect.

### III.    <u>ARGUMENT</u>

**A.    MRS. BLAIR'S SECTION 1983 FIRST AMENDMENT CLAIM IS BARRED BY RES JUDICATA.**

Under the doctrine of res judicata, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues <u>that</u> were or <u>could have been raised</u> in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *see* Restatement (Second) of Judgments, §§ 13 *et seq.* (1982); *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Federal Deposit Ins. Corp. v. Jones*, 846 F.2d 221, 234-35 (4th Cir. 1988).  Unlike the narrower doctrine of issue preclusion (or collateral estoppel), which applies only to issues that were actually adjudicated in an earlier proceeding, the "[r]ules of claim preclusion provide that[,] if the later litigation arises from the same cause of action as the first, then the judgment bars litigation not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented." *In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996) (*citing Nevada v. United States*, 463 U.S. 110, 129-30 (1983)).  Precluding parties in a subsequent proceeding from raising claims that were or could have been raised in a prior proceeding "encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." *Brown v. Felsen*, 442 U.S.127, 131 (1979).  The doctrine of res judicata "is not a technical rule, but [rather] a rule of fundamental and substantial justice, of public policy and private peace, which should be cordially regarded and enforced by the courts." *See Nash County Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir. 1981).

For res judicata to apply, three elements must be met: "(1)  a final judgment on the merits in a prior suit;  (2)  an identity of the cause of action in both the earlier and the later suit; and (3)  an identity of parties or their privies in the two suits." *Pueschel v. United States*, 369 F.3d 345, 354-55 (4th Cir. 2004) (citing *Nash County Bd. of Educ.*, 640 F.2d at 486).  All three res

judicata requirements are met here.

**(1)    There was a final judgment on the merits prior to the filing of this Second Amended Complaint.**

"Under federal res judicata principles, a judgment on only some claims is final and has claim-preclusive effect even where other claims continue to be litigated on remand after appeal." *Hammock v. Barnes*, 2024 U.S. Dist. LEXIS 59111, at *26 (D. Md. Apr. 1, 2024) (citing *Merrimack St. Garage, Inc. v. Gen. Motors Corp.*, 667 F. Supp. 41, 44 (D.N.H. 1987)) ("determination of a cause of action is final and binding as to matters affirmed by a court of appeals regardless that litigation might continue on some limited matters directly related thereto"). Once the judgment is affirmed by the Fourth Circuit, claim preclusion kicks in for those affirmed claims, even if some other claims are remanded. *Snell v. Gustafson*, Case No. 3:21-cv-00024, 2024 U.S. Dist. LEXIS 199019, at *23 (W.D. Va. Nov. 1, 2024) (Moon. J.) (finding that both claim preclusion and issue preclusion applied and "a final judgment on the merits—is met because, in the prior instance of this litigation, the jury found Defendant Reid not liable for constructive fraud, judgment was entered in her favor, and the judgment was affirmed by the Fourth Circuit").

The same principle holds true for a judgment on claims not appealed. *See Procter & Gamble Co. v. Haugen*, 158 F. Supp. 2d 1286, 1297 n.9 (D. Utah 2001) (agreeing "that the fact that a case is remanded for further proceedings does not render res judicata inapplicable to un-appealed portions of the judgment"). "If an appeal is taken from only part of the judgment, the remaining part is res judicata, and the vacation of the portion appealed from and remand of the case for further proceedings <u>does not</u> revive the trial court['s] jurisdiction of the un-appealed portion of the judgment." *Laborers' Int'l Union of N. Am. v. Foster Wheeler Corp.*, 26 F.3d 375, 397 n.24 (3d Cir. 1994).

On these grounds, the affirmed final order on Blair's claims against the individual

defendants constitutes res judicata, and they cannot properly be sued for any variant or amplification of the claim that was dismissed and affirmed. *See Hammock*, 2024 U.S. Dist. LEXIS 59111, at *26-*27. This court's June 25, 2024 Order, which was affirmed on appeal as it relates to the claims against Mr. Via, was a final judgment on the merits. *Moitie*, 452 U.S. at 399 & n.3. Only Plaintiff's Title IX claim survives on remand, with Blair no longer a party to this action. ECF No. 115, at 17; ECF No. 120. As such, the decision with respect to Blair's claims against Via and Olsen remains a final judgment on the merits, meeting the first res judicata element.

> **(2)    There is identity of the cause of action in both the earlier and the later suit, as the section 1983 Fourteenth Amendment claims and the section 1983 First Amendment claim arise from the same core of operative facts.**

There is identity between causes of action when the claims asserted in each "arise out of the same transaction or series of transactions or the same core of operative facts." *Pueschel*, 369 F.3d at 354-55. "The determination of whether two suits arise out of the same cause of action . . . **does not turn** on whether the claims asserted are identical." *Id*. at 355. "Rather, it turns on whether the suits and the claims asserted therein 'arise out of the same transaction or series of transactions or the same core of operative facts.'" *Id.*

Blair's section 1983 First Amendment claim in the Second Amended Complaint arises out of the same core of operative facts as her prior section 1983 substantive due process claims—namely, the events of August 10-25, 2021, at Appomattox County High School, including the alleged guidance that Plaintiff received from school counselors when she expressed a transgender identity, thereby meeting the second res judicata element. *Compare* ECF No. 84 *with* ECF No. 121.

The Amended Verified Complaint provides the following paragraph factual summary:

Defendants Appomattox County School Board, Bennett, Olsen and Via and their employees and agents ("Appomattox Defendants") deliberately concealed from

Plaintiff information related to her daughter's asserted gender identity and Appomattox Defendants' efforts to affirm S.B.'s asserted discordant gender identity at school, including the use of an alternate name and pronouns and use of opposite sex restroom facilities. Appomattox Defendants further withheld information regarding bullying, verbal, physical and sexual assault that S.B. suffered as a result of her asserted discordant gender identity and use of opposite sex restrooms. As a result of Appomattox Defendants' conduct, Mrs. Blair was deprived of information required to exercise her fundamental parental rights to direct the upbringing of her daughter, including making educational and mental health decisions.

ECF No. 84, ¶ 2.

The above fact pattern falls squarely within the alleged narrative and core facts of the new pleading with a First Amendment focus. The Second Amended Complaint alleges that Blair's religious beliefs include "that there is not a separable 'gender identity' based on feelings," ECF No. 121, ¶ 10, and that "by requiring that Sage use only the male restroom and using a false male name and pronouns, Defendants are imposing values and beliefs that are hostile to Mrs. Blair's religious beliefs…." *Id*., ¶ 91. The Second Amended Complaint lists the following actions of Defendants that "violated Mrs. Blair's right to direct Sage's religious upbringing":

1) failing to notify Mrs. Blair before treating her daughter as a boy named "Draco" with male pronouns, 2) directing Sage to use only the boys' bathroom, 3) directing Sage to Websites and social media sites that discuss sexual orientation, gender identity and similar sexual issues with no parental notice, and 4) telling Sage that she should not and staff would not tell Mrs. Blair about Sage's "gender identity" because Mrs. Blair's religious beliefs meant that Sage would not be "safe" at home if Mrs. Blair knew about the "gender identity,"

*Id*., ¶ 95. In other words, the primary focus of the Second Amended Complaint, just like the original complaint, is still related to the school's guidance counselors allegedly "denying parents such as Mrs. Blair notice regarding discussions related to 'gender identity,' referral to sexually explicit LGBTQ-promoting Websites, and access to opposite sex restrooms." *Id*., ¶ 97.

This First Amendment claim could and should have been pleaded back in 2023 when Blair knew that Sage was getting counseled on her gender identity, allegedly directed to LGBTQ

websites, and instructed to use the male bathroom when she filed the original and Amended Verified Complaints. *See also Snell*, 2024 U.S. Dist. LEXIS 199019, at *25 (Moon, J.) ("any claim that Plaintiff had against the instant Defendants which arose out of the same transaction or conduct … should have been raised in the prior action").

Claim preclusion "bars litigation not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented." *In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996). "Were we to focus on the claims asserted in each suit, we would allow parties to frustrate the goals of res judicata through artful pleading and claim[,] splitting given that [a] single cause of action can manifest itself into an outpouring of different claims, based variously on federal statutes, state statutes, and the common law." *Pueschel*, 369 F.3d at 355.

The fact that Blair first asserted section 1983 Fourteenth Amendment claims against Via and now asserts a section 1983 First Amendment claim against Via is irrelevant, because instead the relevant inquiry is whether both claims arise under the "same transaction or series of transactions or the same core of operative facts." They do herein, as demonstrated above. The inquiry may end there. And even then, the old claims and the new claim were all brought under the same statute, 42 U.S.C. § 1983. Blair was obligated to bring all constitutional challenges under section 1983 in her initial suit, and her failure to do so before the Fourth Circuit's final judgment precludes the first Count of the proposed Second Amended Complaint.

### (3)    There is identity of parties in the two suits.

Finally, there is identity of parties, as Blair again brings a claim against Olsen and Via and previously asserted a claim against Olsen and Via, which were dismissed by this Court and affirmed by the Fourth Circuit, meeting the third, and final, res judicata element.

    **(4)      With all elements met, res judicata must apply here, barring Blair's First Amendment claim, and there are no recognized exceptions that would alter this conclusion.**

Discovering new facts later on that are based on the same transaction or occurrence is not a recognized exception to the application of res judicata. And to the extent the Court finds it relevant to its claim preclusion inquiry, Blair's First Amendment claim was available and could have been pleaded back in 2023. When she initiated this lawsuit, Blair knew of her religious beliefs and believed that school employees counseled Plaintiff to accept a transgender identity, which Blair alleges violated her religious beliefs. Blair had all the necessary information to assert a First Amendment claim when she initiated this action in August 2023, and could have also sought to amend her complaint in the year before the Court's motion to dismiss order on June 25, 2024. Tellingly, Counsel for Plaintiff and Blair relied on a similar First Amendment claim on April 20, 2023—four months before Plaintiff and Blair initiated this action. *See Willey v. Sweetwater County Sch. Dist. #1 Bd. of Trs.*, No. 1:23-cv-69-SWS, Complaint, ECF No. 1, ¶ 180 (D. Wyo. Apr. 20, 2023) ("[Plaintiffs] have sincerely held religious beliefs that parents have the non-delegable duty to direct the upbringing and beliefs, religious training, and medical and mental health care of their children and any intrusion of the government into that realm infringes upon the free exercise of their religion.").[3] And while the Second Amended Complaint cites a 2025 case in *Mahmoud v. Taylor*,[4] "an intervening change in case law . . . almost never warrants an exception to the application of res judicata." *Clodfelter v. Republic of Sudan*, 720 F.3d 199, 211 (4th Cir.

---

[3] Counsel for Plaintiff and Blair also initiated an action on April 3, 2024—more than two months before this Court dismissed the Amended Verified Complaint that also asserted a similar First Amendment claim. *Landerer v. Dover Area Sch. Dist.*, No. 1:24-cv-566-JPW, Compl., ECF No. 1, at ¶¶ 109-24 (M.D. Pa. Apr. 3, 2024).

[4] The plaintiffs in *Mahmoud* had no difficulty asserting their First Amendment claim on May 24, 2023—almost three months before Plaintiff and Blair initiated this action. *Mahmoud v. McKnight*, No. 8:23-cv-1380-DLB, Compl., ECF No. 1 (D. Md. May 24, 2023).

2013). Furthermore, *Mahmoud* did not involve a suit for damages, and did not present any qualified immunity issue, so it is not informative herein.

Accordingly, the doctrine of res judicata bars Blair's First Amendment claim and therefore leave to amend should be denied as futile, and Count One of the Second Amended Complaint lacks jurisdiction.

**B.    COLLATERAL ESTOPPEL ALSO ENFORCES MR. VIA'S ALREADY ESTABLISHED "QUALIFIED IMMUNITY" DEFENSE, BARRING MRS. BLAIR'S SECTION 1983 FIRST AMENDMENT CLAIM.**

Mr. Via and Ms. Olsen are entitled to "issue preclusion" with regard to their recently affirmed judgment on the "qualified immunity" issue.

"Collateral estoppel precludes re-litigation of an issue decided previously in judicial or administrative proceedings provided the party against whom the prior decision was asserted enjoyed a full and fair opportunity to litigate that issue in an earlier proceeding." *In re McNallen*, 62 F.3d 619, 624 (4th Cir. 1995). "Collateral estoppel forecloses the re-litigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom [collateral estoppel] is asserted had a full and fair opportunity to litigate." *Sedlack v. Braswell Servs. Group, Inc.*, 134 F.3d 219, 224 (4th Cir. 1998) (internal quotation marks omitted). To apply collateral estoppel to an issue or fact, the proponent must demonstrate that (1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding. *Id*.

It has been demonstrated *supra* (at 4-5) that the judgment in the prior proceeding was final

and valid.  Therein, the qualified immunity issue was resolved by the Court and was dispositive as to the Court's dismissal of the constitutional claims against Via and Olsen.  *See* ECF No. 105, at 9 ("the Court resolves Plaintiff's constitutional claims by applying the doctrine of qualified immunity").  Ms. Blair had a full and fair opportunity to challenge (and did challenge) qualified immunity both at the motion to dismiss stage and on appeal before the Fourth Circuit.  On appeal, the Fourth Circuit affirmed the qualified immunity decision.  ECF No. 115.  Ms. Blair now seeks to assert the violation of another constitutional right under section 1983, but Via and Olsen are equally entitled to qualified immunity.  Via and Olsen are still entitled to qualified immunity because the right underlying Blair's variant, First Amendment claim was no more clearly established in August 2021 than was her Fourteenth Amendment claims.  *See Atkinson v. Godfrey*, 100 F.4th 498, 505 (4th Cir. 2024) (noting that "[a] clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he or she is doing violates that right") (quotation omitted).  Indeed, this issue preclusion should follow *a fortiori*, because public schools are forbidden to establish or impose any particular religion,[5] and instead the right to respect religious beliefs is generally effectuated by permitting the citizen to choose private education over public education.  *See Parents for Priv. v. Barr*, 949 F.3d 1210, 1229 (9th Cir. 2020) (discussing how parents have the right to choose "religious instruction at a private school" but said freedom "does not encompass[] a fundamental constitutional right to dictate the curriculum at the public school to which [parents] have chosen to send their children.")

As a result, the dismissal (or striking) of Count One of the Second Amended Complaint is warranted on collateral estoppel grounds.  *See, e.g.*, *Lowery v. Stovall*, 92 F.3d 219, 221-23, 226

---

[5] *See Santa Fe Indep. Sch. Dist. v. Doe*, 530 U.S. 290, 302 (2000) ("the Constitution guarantees that government may not coerce anyone to support or participate in religion or its exercise, or otherwise act in a way which establishes a [state] religion or religious faith, or tends to do so.")

(4th Cir. 1996) (Virginia law) (applying judicial estoppel to resolve qualified immunity issue); *Intelligent Ventures I LLC v. Capital One Fin. Corp.*, 280 F. Supp. 3d 691, 716-24 (D. Md. 2017) (Maryland law) (applying defensive collateral estoppel to bar antitrust claims in a new action arising from the same common nucleus of operative fact where other antitrust claims were previously litigated); *Garrett v. Dotson*, 2024 U.S. Dist. LEXIS 137688, at \*44-46, \*67-70 (E.D. Va. Aug. 2, 2024) (Virginia law) (the plaintiff's Fourteenth Amendment issue was barred by collateral estoppel, so leave to amend would be futile) (Payne, J.); *Brown v. Lumpkin*, 2022 U.S. Dist. LEXIS 144703, at \*6-13, \*28-31 (D.S.C. Apr. 7, 2022) (South Carolina law) (applying collateral estoppel to previously upheld defense of qualified immunity in second action brought to vindicate inmate's First Amendment religious rights); *Zeno v. United States*, 2009 U.S. Dist. LEXIS 115616, at \*5-25, esp.  12-14 (D. Md. Dec. 11, 2009) (collateral estoppel barred re-litigation of issues including qualified immunity); *Snell*, 2024 U.S. Dist. LEXIS 199019, at \*25-29 (Virginia law).

## IV.    CONCLUSION

In sum, when the Fourth Circuit remanded this case to this Court, Ms. Blair was no longer a party.  The remand of Plaintiff Sage's Title IX claim does not give Ms. Blair a second bite at the apple to rejoin this lawsuit and assert a previously available claim based on the same operative facts/occurrence against two individuals (Via and Olsen) who are also no longer parties, or force them to relitigate an affirmative defense to which they have already been proven entitled. Accordingly, amendment now would be futile, and therefore unjust.

For all the above reasons and those stated in Defendant Appomattox County School Board and Ms. Olsen's Motion to Strike or, in the alternative, Deny Plaintiff Leave to File a Second Amended Complaint [ECF No. 124], Mr. Via respectfully requests that this Court grant the instant

Motion to Strike and/or to Dismiss, officially release Mr. Via from this lawsuit, and enter such other and or further relief that the Court deems appropriate in the interests of justice.

Date: October 21, 2025

/s/ *Andrew Butz*

Andrew Butz (VSB No. 16280)
Heather S. Deane (VSB No. 41895)
Brandi R. Howell (VSB No. 74110)
Charles Y. Sipe (VSB No. 31598)
Patrick J. Crowley (*Pro Hac Vice*)
Kiernan Trebach LLP
1223 20th St. N.W., Suite 800
Washington, D.C. 20046
202-712-7000
abutz@kiernantrebach.com
hdeane@kiernantrebach.com
bhowell@kiernantrebach.com
csipe@kiernantrebach.com
pcrowley@kiernantrebach.com
*Counsel for Avery Via*