CLERKS OFFICE US DIST. COURT
AT LYNCHBURG, VA
FILED
10/5/2026
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

SAGE BLAIR.
Plaintiff.
v.
APPOMATTOX COUNTY SCHOOL BOARD,
Defendant.

Civil Action No.6:23-cv-00047-NKM-CKM

**RULE 35 STIPULATION AND ~~[PROPOSED]~~ ORDER TO CONDUCT THE INDEPENDENT MEDICAL EXAMINATION OF SAGE LILY BLAIR**

Plaintiff Sage Lily Blair and Defendant Appomattox County School Board, by counsel, stipulate and request entry of the following Order governing Defendant's mental examination of Plaintiff under Federal Rules of Civil Procedure, Rule 35.

1. **Examiner, date, time, and place**. Dr. Cheryl Wills ("Dr. Wills") may conduct a psychiatric examination of Plaintiff on October 5, 2026, beginning at 9:30 a.m., at the Hilton Garden Inn Lynchburg, 4025 Wards Rd., Lynchburg, VA 24502. A copy of Dr. Wills' curriculum vitae is attached hereto as Exhibit A. Video or audio recording of the examination will not be permitted.
2. **Duration**: The examination is expected to last three to four hours. The Parties acknowledge the duration of the examination may exceed 4 hours depending upon Plaintiff's level of participation and cooperation. Plaintiff shall be

permitted to take breaks at her discretion, and the examination will end, subject to recommencing at a later date, if she is unable to continue the examination. A pause or discontinuance because Plaintiff cannot continue safely or meaningfully shall not itself be characterized as noncooperation or support an adverse inference. Plaintiff will be permitted to bring snacks and drinks to the examination if she wishes to do so.

3. **Manner and scope**. The examination may consist of a clinical interview and noninvasive testing. Defendant identifies the following general categories of testing Dr. Wills may administer: neurological and cognitive assessment testing; diagnostic, symptom, functioning, and structured assessment tools. Final test selection may follow the clinical interview. The examination is limited to assessing Plaintiff's claimed mental condition, diagnoses, causation, functional limitations, treatment needs, prognosis, and claimed damages. To the extent Dr. Wills requires factual background regarding the underlying events, she shall rely on Plaintiff's deposition testimony, medical records, and other discovery produced in this action rather than eliciting a new factual account from Plaintiff during the examination. To the extent Dr. Wills may require a more thorough understanding of the underlying facts, she may inquire into the underlying events only to the extent reasonably necessary for those clinical purposes. The examination is not a substitute for, and shall not be used to duplicate or supplement, fact discovery concerning liability. Any statement Plaintiff makes concerning the underlying events during the

examination may be used solely to form opinions concerning Plaintiff's condition, diagnoses, causation, and damages; it shall not be characterized, offered, or used as an admission concerning liability or for impeachment on an issue other than Plaintiff's claimed mental condition, diagnoses, causation, or damages.

4. **Persons Allowed in the Examination**. Sage Lily Blair and Dr. Wills shall be the only persons present in the examination room during the examination. Plaintiff may bring one support person, who may remain in the waiting area but may not enter the examination room or participate in the examination.

5. **Protected subjects and collateral contacts**. Dr. Wills shall not inquire into attorney-client communications, attorney work product, settlement communications, counsel's strategy or advice, or Plaintiff's views of ultimate legal liability. Dr. Wills shall not contact treating providers, family members, or other collateral sources without advance written notice to Plaintiff's counsel and under the conditions permitted by law.

6. **Report and examination materials**. No later than October 12, 2026, Defendant shall serve Dr. Wills' complete report under Federal Rule of Civil Procedure 26, which will satisfy any report obligation under Rule 35. The report shall contain all opinions Dr. Wills will express, their bases and reasons, the facts and data she considered, and all other information required by Rule 26(a)(2)(B). With the report, Defendant shall produce all discoverable, nonprivileged documents and other materials considered or relied upon by Dr.

Wills in forming her opinions, and that have not previously been produced in discovery, including: (a) identification of each test and edition actually administered; (b) testing results, scores, scoring summaries, validity indicators, and interpretive output; and (c) any supporting exhibits or relied upon records or documents. Raw testing data, if any, will be provided directly to Plaintiff's expert witness if requested, provided that Plaintiff's expert witness provides raw testing data directly to Dr. Wills.

7. **Completeness, supplementation, and preservation**. The October 12, 2026 report and accompanying production shall be complete and shall not be preliminary, subject to completion of the examination as set forth above in paragraph 2. Dr. Wills shall preserve examination materials, testing records, and notes. Defendant may make a prompt correction of information that was incomplete or inaccurate when disclosed but shall not use supplementation to disclose a material new opinion or supporting material that reasonably could have been included in the October 12 disclosure. Nothing in this Paragraph limits Plaintiff's right to seek appropriate relief concerning any later disclosure. Plaintiff reserves all rights concerning any incomplete, untimely, supplemental, or materially new opinion or supporting basis.

8. **Confidentiality**. All information produced or disclosed pursuant to this Stipulation shall be subject to this Court's April 21, 2026 protective order and shall be used solely for this litigation and shall not be used for any other purpose.

9. **No admissibility stipulation**. Plaintiff's agreement to the examination is limited to permitting Dr. Wills to conduct the examination under the time, place, manner, conditions, and scope stated in this Stipulation and Order. Plaintiff does not stipulate whether Dr. Wills is qualified to offer any particular opinion at trial or whether any opinion, methodology, test result, report, or proposed testimony is reliable, relevant, or admissible. Plaintiff expressly reserves all objections and motions concerning Dr. Wills' qualifications, methodology, factual basis, reliability, disclosure, scope, foundation, relevance, prejudice, and admissibility under the Federal Rules of Civil Procedure and Federal Rules of Evidence. Nothing in this Stipulation and Order constitutes agreement regarding whether Dr. Wills is an admissible trial witness or constitutes Plaintiff's agreement to the admission of her report, examination findings, testing results, opinions, or testimony.

10. **No scheduling modification**. This Stipulation and Order does not amend any case-management deadline or constitute agreement to any separate modification of discovery, expert-disclosure, or motion deadlines.

Respectfully submitted,

/s/ Melissa Y. York

Melissa Y. York (VA Bar 77493)

HARMAN, CLAYTOR, CORRIGAN & WELLMAN

Attorney for Appomattox County School Board

Agreed:

/s/ Mary E. McAlister
Mary E. McAlister (VA Bar 76057)
CHILD & PARENTAL RIGHTS CAMPAIGN, INC.
Attorney for Plaintiff

ORDER

For good cause shown, the foregoing Stipulation is APPROVED AND ENTERED AS AN ORDER OF THE COURT.

Entered: October 5, 2026

Hon. Norman K. Moon
United States District Judge